2012 ME 1

**FORE, LLC**

v.

**William A. BENOIT et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 13, 2011.
Decided: Jan. 10, 2012.

---

Thomas F. Hallett, Esq. (orally), and David A. Weyrens, Esq., The Hallett Law Firm, Portland, for appellant Fore, LLC.

Edward S. MacColl, Esq. (orally), Thompson, Bull, Furey, Bass & MacColl, LLC, Portland, for appellees William A. Benoit and Benoit & Associates, LLC.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Fore, LLC appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) granting Massachusetts-based accountant William A. Benoit's motion to dismiss for lack of personal jurisdiction. Fore, which is a Maine entity, purchased a Maine business from a New Hampshire client of Benoit and alleges that Benoit fraudulently misrepresented that the tax returns he prepared for the Maine business were accurate. We vacate because we conclude that Fore has made the requisite prima facie showing that Benoit's contacts with Maine were related to the claims in this case and that they were sufficient for the exercise of personal jurisdiction. We remand for the court to determine whether it is reasonable to require Benoit to defend this action in Maine.

## I. BACKGROUND

[¶ 2] The following facts are undisputed except where otherwise indicated. Benoit lives and works in Brockton, Massachusetts. He is the managing partner of defendant Benoit & Associates, LLC.[1] Benoit provided accounting and tax preparation services for Rivermeadow Golf Course, which is in Westbrook, Maine. Benoit's clients were RJ Golf, LLC, which owned the golf course, and Rivermeadow Management, LLC, which operated it. Both were New Hampshire entities. Fore's managing member, Robert Adam, stated by affidavit that prior to Fore's purchase of the golf course from RJ Golf, Benoit fraudulently misrepresented in a telephone call with Adam that the tax returns Benoit prepared concerning the golf course were accurate. In Benoit's affidavit, he asserted that the conversation was focused on determining what portion of the purchase price of the larger real estate transaction to allocate to the golf course.

[¶ 3] William Benoit has never resided in Maine. His firm's only place of busi-

---

1. In 2003, at the time of the real estate and business sale that gave rise to this litigation, the name of the business was Benoit, Benoit & Associates.

ness was in Brockton, Massachusetts. Benoit visited Maine only occasionally, on brief visits for personal reasons, before the golf course was sold. He has never been to the golf course. Benoit has never provided accounting services to any Maine entity or solicited business in Maine. William Benoit was not in Maine when he provided accounting and tax services for Rivermeadow Management and RJ Golf.

[¶ 4] Fore claims fraud, negligent misrepresentation, and fraudulent concealment. The court granted Benoit's motion to dismiss the complaint, pursuant to M.R. Civ. P. 12(b)(2), for lack of personal jurisdiction. The court's jurisdictional findings were based on the pleadings and affidavits only; it did not hold an evidentiary hearing. Fore filed a timely appeal.

## II. DISCUSSION

[¶ 5] The term "personal jurisdiction" refers to "[a] court's power to bring a person into its adjudicative process." Black's Law Dictionary 930 (9th ed.2009). "Personal jurisdiction has statutory and constitutional aspects that must be satisfied before a nonresident defendant with sufficient contacts to the forum state can be forced to defend a suit within that state." *Estate of Hoch v. Stifel*, 2011 ME 24, ¶ 21, 16 A.3d 137 (quotation marks omitted). We review de novo whether personal jurisdiction exists. *Id.*

[¶ 6] Maine's long-arm statute applies "to the fullest extent permitted by the due process clause of the United States Constitution, 14th amendment." 14 M.R.S. § 704–A(1) (2011); *Estate of Hoch*, 2011 ME 24, ¶ 22, 16 A.3d 137. Because the exercise of personal jurisdiction over noncitizens and nonresidents of Maine is limited only by the due process clause and not by the language of the long-arm statute, we do not parse the language of the statute to determine the minimum amount of contact a defendant must have to be subject to personal jurisdiction. *See Estate of Hoch*, 2011 ME 24, ¶¶ 22–24, 16 A.3d 137. Nevertheless, the statute does provide a framework for applying constitutional requirements because it enumerates the various types of contacts that may form the basis for personal jurisdiction. *See id.* Maine's long-arm statute provides in part:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

A. The transaction of any business within this State;

B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State; [or]

. . . .

I. Maintain[ing] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S. § 704–A(2)(2011).

[¶ 7] "Due process is satisfied when: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Estate of Hoch*, 2011 ME 24, ¶ 25, 16 A.3d 137. Regarding the first part of the test, the Legislature has stated: "It is declared, as a matter of legislative determination, that the public interest demands that the State provide its citizens with an

effective means of redress against nonresident persons who, through certain significant minimal contacts with this State, incur obligations to citizens entitled to the state's protection." 14 M.R.S. § 704–A(1). We have held that Maine's interest in the litigation, however, "must be beyond mere citizenry ... such as ... the location of witnesses and creditors within its border." *Connelly v. Doucette*, 2006 ME 124, ¶ 8, 909 A.2d 221 (alterations in original) (quotation marks omitted).

[¶ 8] The second part of the test concerns the defendant's contacts, which "are present when the defendant purposefully directs his or her activities at Maine residents or creates continuing obligations between himself or herself and the residents of Maine." *Estate of Hoch*, 2011 ME 24, ¶ 27, 16 A.3d 137 (quotation marks omitted). This part of the test also requires the court to consider whether the defendant's conduct affected a Maine resident who was in Maine when affected by the conduct. *Bickford v. Onslow Mem'l Hosp. Found., Inc.*, 2004 ME 111, ¶¶ 12–13, 855 A.2d 1150. In *Bickford*, we held that there was personal jurisdiction over an out-of-state creditor who did not do business in Maine, but who refused to remedy an alleged defect in a credit report affecting a Maine debtor. *Id.* ¶ 1. The defendant hospital allegedly intentionally directed its conduct toward a Maine resident, and on that basis we held that the court could exercise personal jurisdiction consistent with due process. *Id.* ¶ 13.

[¶ 9] The third part of the test concerns whether it is reasonable to require the defendant to litigate in Maine. *See Cavers v. Houston McLane Co., Inc.*, 2008 ME 164, ¶¶ 36–40, 958 A.2d 905. The court looks to the resources of the defendant to make this determination. *Id.* ¶ 39.

[¶ 10] The burden is on the plaintiff to demonstrate the first two parts of the test, and once it does so, the burden shifts to the defendant to demonstrate the negative as to the third part. *Estate of Hoch*, 2011 ME 24, ¶ 25, 16 A.3d 137. "When the court proceeds only upon the pleadings and affidavits of the parties, the plaintiff need only make a prima facie showing that jurisdiction exists, and the plaintiff's written allegations of jurisdictional facts should be construed in its favor." *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 14, 735 A.2d 984 (quotation marks omitted).

[¶ 11] Using the long-arm statute as a starting point, we conclude that Benoit's provision of accounting and tax services regarding a business located in Maine constitutes the transaction of business here, pursuant to 14 M.R.S. § 704–A(2)(A), and Fore alleges that Benoit committed a tort or caused the consequences of a tort to occur within Maine, pursuant to 14 M.R.S. § 704–A(2)(B).

[¶ 12] Fore has met the first two parts of the test. First, Maine has a legitimate interest in the subject matter of this litigation because it has an interest in providing a forum to protect the interests of Fore as a resident and as a purchaser of a business that operates on property located in Maine. *See Connelly*, 2006 ME 124, ¶ 8, 909 A.2d 221. Fore also asserts that the witnesses are located primarily in Maine. *See id.*

[¶ 13] Second, Benoit could reasonably anticipate litigation in Maine. His transaction of business in Maine is related to the cause of action because Fore's claim is based on the allegation that Benoit fraudulently misrepresented that the tax returns he prepared were accurate. *See Bickford*, 2004 ME 111, ¶ 13, 855 A.2d 1150. Likewise, Fore alleges that Benoit intentionally directed fraudulent conduct toward Fore in Maine and therefore has demonstrated that the cause of action is related to both Benoit's preparation of the tax returns for

the golf course and his telephone call with Adam. *See id.*

[¶ 14] Fore has also met its burden to make a prima facie showing that Benoit had sufficient contacts with Maine for the exercise of personal jurisdiction. In *Cavers,* a single transaction between a scouting director for a minor league baseball club and a player to negotiate and sign the player's contract was sufficient to establish personal jurisdiction over the club in a workers' compensation claim by the Maine-based player. 2008 ME 164, ¶¶ 25, 34–35, 958 A.2d 905. Benoit's involvement in the single transaction here and his alleged statement regarding the tax returns are likewise sufficient to establish personal jurisdiction over him with regard to the transaction and the statement.

[¶ 15] Benoit's contacts with Maine were sufficient even though he did not enter Maine to provide the accounting and tax services. *See Harriman v. Demoulas Supermarkets, Inc.,* 518 A.2d 1035, 1035–37 (Me.1986). In *Harriman,* the defendant supermarket business mailed checks to Maine, had phone calls with the Maine plaintiff's employer, advertised in Maine, and permitted the use of its private labels in Maine, but there is no indication that any representative of the defendant actually entered the state. *See id.* The cause of action in that case did not arise from these contacts themselves, but rather from an accident that the plaintiff employee of a Maine supplier had while delivering goods to the defendant in Massachusetts. *Id.* We held that the defendant's contacts were sufficient to convey personal jurisdiction. *Id.* at 1039. Here, Benoit had sufficient contact with Maine to satisfy due process requirements. *See id.*

[¶ 16] Because the trial court found that Fore had not met its burden on the first two parts of the test, the court did not reach the third part, i.e., whether Benoit demonstrated that the exercise of personal jurisdiction over him "does not comport with traditional concepts of fair play and substantial justice." *Estate of Hoch,* 2011 ME 24, ¶ 28, 16 A.3d 137. We therefore remand for the trial court to determine whether it is reasonable to require Benoit to defend this action in Maine. *See Cavers,* 2008 ME 164, ¶ 39, 958 A.2d 905. On remand, the court has the discretion to decide whether to hold an evidentiary hearing. *See Dorf,* 1999 ME 133, ¶ 15, 735 A.2d 984(holding that the court has the discretion whether to hold an evidentiary hearing on any facts relating to personal jurisdiction).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.