STATE OF MAINE                           SUPERIOR COURT
YORK, SS.                                Civil Action
                                         Docket No. CV-15-280


G&G PRODUCTS, LLC,

       Plaintiff,

v.                                               ORDER

RAAD MOBREM, DURABLE IDEAS, LLC
d/b/a Dura Doggie, and INTERNATIONAL
PET SOLUTIONS, LLC

       Defendants.

Plaintiff G&G Products has filed suit against Durable Ideas, LLC, d/b/a Dura Doggie; International Pet Solutions, LLC;[1] and Raad Mobrem for breach of contract arising out of unpaid invoices for the sale of plastic dog toys. Plaintiff had difficulty serving Mobrem with process in California, but eventually served him electronically via Twitter with leave of court. Mobrem now moves to dismiss the action as to him individually on two grounds: Lack of personal jurisdiction, M.R. Civ. P. 12(b)(2); and, alternatively, failure to state a claim upon which relief may be granted, M.R. Civ. P. 12(b)(6).

Mobrem's motion to dismiss, a single filing assserting both of the foregoing grounds, was submitted in lieu of an answer. The motion is dated May 5, 2016 and was hand-delivered to the court on that same day. May 5ʰ was the deadline for filing a responsive pleading to the complaint. The motion was not docketed, however, on May 5ʰ because a filing fee did not accompany the motion. The next day, Friday May

---

[1] At the time of hearing on Raad Mobrem's motion to dismiss, plaintiff had been unable to effect service on International Pet Solutions, LLC and another individual referenced in the complaint. Plaintiff has until August 21, 2016 by leave of court to serve them.

1

6, 2015, Plaintiff filed a request for default and default judgment. On Monday May 9th, upon learning from the clerk's office that the motion to dismiss had not been docketed, Mobrem's counsel sent the filing fee by overnight delivery. The motion was docketed on May 10, 2016 upon receipt of the filing fee.

### 1. Request for Default Judgment

The clerk shall enter a default "[w]hen a party against whom the judgment is sought has failed to plead or otherwise defend as provided by these rules . . . . ." M.R. Civ. P. 55(a). The question then is: In this circumstance, has Mobrem "failed to plead or otherwise defend as provided by these rules"?

As noted, the motion to dismiss was delivered to the court for filing on May 5, 2016, even though it was not docketed until May 10th due to the fact that no filing fee accompanied it. Rule 7(b)(1)(C) requires that the filing of a pre-judgment motion to decide a case on the merits pursuant to Rule 12(b)(6) "shall be accompanied by a fee set forth in the Court Fees Schedule which shall be paid when the motion is filed." M.R. Civ. P 7(b)(1)(C). "Filings that are received but which are not signed, or are not accompanied by at the time of filing by a legally required element, including but not limited to a filing fee . . . shall be returned by the clerk as incomplete" and are not docketed. M.R. Civ. P. 5(f).

However, Rule 7(b)(1)(C) also provides that a motion based on a defense under Rule 12(b)(2) for lack of jurisdiction "is not subject to payment of a fee." *Id.* Thus, the rules do not require a filing fee for a motion to dismiss asserting lack of personal jurisdiction as defense under Rule 12(b)(2). Had the motion asserted only a 12(b)(2) defense, its delivery and filing on May 5th would have been timely. From this perspective, Mobrem clearly had not "failed to plead or otherwise defend" in a timely manner.

Even as to the Rule 12(b)(6) component of the motion, the court is not inclined to default Mobrem in these circumstances. The defect was immediately remedied. Mobrem may have meritorious defenses to the complaint. The Law Court has underscored the notion that there is "a strong preference in our law for deciding cases on the merits." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995). Plaintiff's request for entry of a default judgment is denied.

### 2. Personal Jurisdiction over Mobrem

Maine exercises personal jurisdiction to the maximum extent permitted by due process. *See* 14 M.R.S. § 704-A(1). "Due process is satisfied when: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Fore v. Benoit*, 2012 ME 1, ¶ 7, 34 A.3d 1125.

A corporate officer may be subject to personal jurisdiction where the officer's contacts in the forum state relate to the plaintiff's cause of action: "jurisdiction over a corporate officer may not be based merely on jurisdiction over the corporation but must rest on a 'showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury.'" *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 10 (1st Cir. 1990) (citation omitted). The court looks to affidavits and other evidence in ruling on the motion. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 12, 735 A.2d 984 (citation omitted) ("Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits.").

Mobrem's affidavit disputes factual allegations in the complaint about his personal involvement in the corporation's business and the observance of corporate formalities. He does not, however, dispute the basic facts that he traveled to Maine three times and negotiated and entered contracts. (Mobrem Aff. ¶¶ 17, 19.) He merely emphasizes that he did this solely in his capacity as an employee of the corporation and avers that he could never have foreseen being compelled to defend a suit under a contract he was not a party to. (Mobrem Aff. ¶ 23.)

Plaintiff, through the affidavit of Gary Gagnon appended to plaintiff's memoradum in opposition filed May 26th and referred to as the second Gagnon affidavit, avers that Mobrem came to Maine on three occasions to review dog toy designs. (Gagnon Aff. ¶¶ 8-9.) Mobrem had the merchandise shipped from Maine directly to his personal residence in California. (Gagnon Aff. ¶ 12.) Mobrem took out personal loans to fulfill payment obligations of the corporation. (Gagnon Aff. ¶ 16.)[2]

The foregoing contacts between Mobrem and Maine are sufficient to exercise personal jurisdiction. *Compare Alvarado-Morales v. Dig. Equip. Corp.*, 843 F.2d 613, 617 (1st Cir. 1988) (no jurisdiction where no allegation individual corporate officers were personally involved in the conduct that gave rise to plaintiff's injury; "Jurisdiction over the individual officers or directors of a corporation cannot be imputed from jurisdiction over the corporation."), *with Villa Marina Yacht Sales, Inc.*, 915 F.2d at 10-11 (concluding

---

[2] Mobrem filed a motion to strike both the second Gagnon affidavit as well as the affidavit appended to the complaint (referred to as the first Gagnon affidavit). Mobrem contends that a number of the averments should be stricken because they fail to conform to the requirements of Rule 56(e) and thus the facts asserted therein lack sufficient foundation and are inadmissible. The court denies the motion to strike. As Mobrem's counsel concedes, there is no requirement in Maine that an affidavit offered in the context of a motion to dismiss conform to the requirements of Rule 56(e). Moreover, the particular averments in the second Gagnon affidavit cited above with respect to the jurisdictional issue all assert that Mr. Gagnon has personal knowledge thereof (although the facts supporting the basis for his personal knowledge are not specified). The first Gagnon affidavit is essentially part of the complaint. Even so, the court does not need to rely on the first Gagnon affidavit in its ruling on the motion to dismiss.

4

personal jurisdiction existed over officer where he was involved in distributing and marketing products in the forum state, initiated and maintained contact with businesses, and visited the forum state and made decisions that affected forum state residents).

On this record, the court concludes that exercising personal jurisdiction over Mobrem satisfies the first two steps of the analysis. *See Fore*, 2012 ME 1, ¶ 3, 34 A.3d 1125 (defendant nonresident accountant subject to personal jurisdiction where business located in Massachusetts, defendant never entered Maine to transact business or solicited business, and provided accounting and tax services entirely from Massachusetts). The court further concludes that based on the record and regardless of whether Mobrem subjectively did not foresee being sued in his personal capacity, the exercise of personal jurisdiction on this record would not offend "traditional notions of fair play and substantial justice." *Id.* ¶ 7.

### 3. "Piercing Corporate Veil" Claim against Mobrem

"Piercing the corporate form of a business can only happen when the party attempting to pierce the veil establishes that (1) the defendant abused the privilege of a separate corporate identity; and (2) an unjust or inequitable result would occur if the court recognized the separate corporate existence." *Luker v. State Tax Assessor*, 2011 ME 52, ¶ 28, 17 A.3d 1198 (citation omitted) (quotation marks omitted). Unlike some other jurisdictions, Maine does not require a showing of fraud or illegality to pierce the corporate veil. *See Johnson v. Exclusive Props. Unlimited*, 1998 ME 244, ¶ 8, 720 A.2d 568.

In evaluating a motion to dismiss, the court must view the compliant in the light most favorable to the plaintiff to determine whether it states a claim. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The complaint alleges that "Durable Ideas, acting by and through its representatives Raad Mobrem and/or Clint McElroy acting as

5

officers, or its employees and authorized agents, and all of the conduct alleged herein is within the scope of their employment, placed orders for G&G's dog toy products . . . ." (Compl. ¶ 7.) The complaint goes on to allege that "[t]here is no separation between Raad Mobrem personally and his thinly capitalized sham company Durable Ideas. As a result, Raad Mobrem personally owes G&G $40,594.36." (Compl. ¶ 18.) And, the complaint alleges that Mobrem "owned Durable Ideas; had pervasive control of Durable Ideas; operated Durable Ideas with thin capitalization; and, failed to observe corporate formalities for Durable Ideas" and that he "abused the privilege of a separate corporate identity." (Compl. ¶¶ 22-23.) While these assertions are general in nature and lack supporting details, they are nonetheless facts that on their face, when construed in the light most favorable to the plaintiff, state a claim for piercing the corporate veil. *Luker*, 2011 ME 52, ¶ 28, 17 A.3d 1198.

## Order

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff G & G Products, LLC's request for entry of a default judgment is DENIED.

2. Defendant Raad Mobrem's motion to strike is DENIED.

3. Defendant Raad Mobrem's motion to dismiss is DENIED.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

DATE:   August 5, 2016

Wayne R. Douglas
Justice, Superior Court

6