STATE OF MAINE
CUMBERLAND, SS.

BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
Docket No. BCD-RE-17-02 ✓

RICHEN MANAGEMENT, LLC,          )
                                 )
            Plaintiff            )
                                 )
    v.                           )          ORDER ON DEFENDANT HARRISON
                                 )          STREET REAL ESTATE CAPTIAL, LLC'S
CAMPUS CREST AT ORONO, LLC,      )          MOTION TO DISMISS
HARRISON STREET REAL ESTATE      )
CAPTIAL, LLC, and                )
ASSET CAMPUS HOUSING, INC.       )
                                 )
            Defendants           )
                                 )

Defendant Harrison Street Real Estate Capital, LLC ("Harrison Street") has moved to dismiss Plaintiff Richen Management, LLC's ("Richen") amended complaint pursuant to Maine Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Based on the foregoing, Harrison Street's motion is granted.

## BACKGROUND

In its amended complaint, Richen contends that Harrison Street is the owner of a subsidiary company that owns an apartment complex in Orono, Maine known as the Reserve at Orono. (Am. Compl. ¶¶ 4-6.) Richen contends that Asset Campus Housing, Inc. is the third-party property manager of the apartment complex. (Id. ¶ 7.) Richen contends that it entered into a contract with Asset Campus Housing to provide labor and materials for work at the apartment complex. (Id. ¶¶ 8, 24.) Richen contends that it performed services pursuant to the contract in a timely manner and submitted timely invoices. (Id. ¶¶ 13, 15, 18.) Richen asserts that Defendants have failed to pay Richen pursuant to the contract and have made repeated misrepresentations. (Id. ¶¶ 17, 19-23, 26-28.)

Richen filed a complaint against Campus Crest at Orono, LLC, Harrison Street, and Asset Campus Housing, Inc. on December 29, 2016. Richen amended its complaint on January 30, 2017. Richen's amended complaint asserts claims for breach of contract, unjust enrichment, and violation of the Uniform Deceptive Trade Practices Act. Campus Crest at Orono and Asset Campus Housing filed amended answer and counterclaim on February 24, 2017. Harrison Street filed a motion to dismiss pursuant Maine Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and a supporting affidavit on February 24, 2017. Richen filed an opposition and exhibits on March 23, 2017. Harrison Street filed a reply on March 28, 2017.

This case was subsequently transferred to the Business and Consumer Court. A case management conference was held on May 5, 2017. The court issued a case management scheduling order that same day. The court instructed Richen to notify the court within ten days whether it would voluntarily dismiss Harrison Street without prejudice. (C.M.O. No. 1. ¶ 6.) If Richen did not dismiss Harrison Street, the court would decide the motion without oral argument. (*Id.*) Richen did not provide the court with notice of its intent to voluntarily dismiss Harrison Street. Accordingly, the court decides this motion without oral argument.

## STANDARD OF REVIEW

Maine's long-arm statute applies to the fullest extent permitted by the Due Process Clause of Fourteenth Amendment of the United States Constitution. 14 M.R.S. § 704-A(1); *Fore v. Benoit*, 2012 ME 1, ¶ 6, 34 A.3d 1125. Because the exercise of personal jurisdiction over noncitizens and nonresidents of Maine is limited by only the Due Process Clause, courts do not parse the language of the long-arm statute to determine whether a defendant is subject to personal jurisdiction. *Fore*, 2012 ME 1, ¶ 6, 34 A.3d 1125. The court need only consider whether due process is satisfied. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 9, 735 A.2d 984.

2

However, because the statute enumerates types of contacts that may form the basis for personal jurisdiction, the statute provides a useful framework for applying the due process requirement.[1] *Fore*, 2012 ME 1, ¶ 6, 34 A.3d 1125;

"Due process is satisfied when: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Id.* ¶ 7 (internal citation and quotation marks omitted). The plaintiff bears the burden of satisfying the first two prongs: whether Maine has a legitimate interest in the litigation, and whether the defendant, by its conduct, could reasonably anticipate litigation in Maine. *Dorf*, 1999 ME 133, ¶ 11, 735 A.2d 984. If the plaintiff has satisfied the first two prongs, the burden then shifts to the defendant to establish the

---

[1] Maine's long-arm statute provides in relevant part:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

A. The transaction of any business within this State;
B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;
C. The ownership, use or possession of any real estate situated in this State;
D. Contracting to insure any person, property or risk located within this State at the time of contracting;
E. Conception resulting in parentage within the meaning of Title 19-A, chapter 61;
F. Contracting to supply services or things within this State;
G. Maintaining a domicile in this State while subject to a marital or family relationship out of which arises a claim for divorce, alimony, separate maintenance, property settlement, child support or child custody; or the commission in this State of any act giving rise to such a claim; or
H. Acting as a director, manager, trustee or other officer of a corporation incorporated under the laws of, or having its principal place of business within, this State.
I. Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S. § 704-A(2).

3

that exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. *Id.*

A motion to dismiss for lack of personal jurisdiction pursuant to Maine Rule of Civil Procedure 12(b)(2) may be decided prior to trial without evidentiary hearing. *Id.* ¶¶ 12-13; M.R. Civ. P. 12(d). When the court decides a motion to dismiss for lack of personal jurisdiction without evidentiary hearing, the plaintiff need only make a *prima facie* showing that the exercise of personal jurisdiction is proper. *Id.* ¶ 14. The plaintiff's written allegations of jurisdictional facts shall be construed in its favor. *Id.* However, the plaintiff's showing must go beyond the pleadings. *Id.* ¶ 13. The plaintiff must establish that the exercise of personal jurisdiction is proper based on "specific facts set forth in the record." *Id.* "This showing may be made by affidavit or otherwise." *Id.; see also Jet Wine & Spirits, Inc. v. Bacardi & Co.*, 298 F.3d 1, 8 (1st Cir. 2002).

## ANALYSIS

Plaintiff has failed to establish that Harrison Street, by its conduct, could have reasonably anticipated litigation in Maine. The second prong of the test concerns the defendant's contacts with the State. *Fore*, 2012 ME 1, ¶ 8, 34 A.3d 1125. For a foreign corporation to be subject to the state's personal jurisdiction, the corporation must have sufficient contacts with that State to 'make it reasonable… to require the corporation to defend the particular suit which is brought there.'" *Elec. Media Int'l v. Pioneer Commc'ns of Am., Inc.*, 586 A.2d 1256, 1259 (Me. 1991) (citation omitted). The foreign corporation's contact must be "more than merely random, fortuitous, or attenuated." *Id.* (internal quotation marks and citation omitted).

In its amended complaint, Richen contends that Harrison Street is a privately-owed investment firm headquartered in Chicago. (Am. Compl. ¶ 3.) Richen contends that Harrison

4

Street acquired Campus Crest Communities, Inc. in March 2016, which owned the property in Orono, Maine at issue in this case. (*Id.* ¶¶ 4-5.) Richen contends that Harrison Street hired Defendant Asset Campus Housing, Inc. as its third-party property manager. (*Id.* ¶ 6.)

In support of its motion to dismiss, Harrison Street has submitted an affidavit from its Senior Vice President and Associate General Counsel. (Gershowitz Aff. ¶ 1.) According to the affidavit, Harrison Street is a real estate investment management firm headquartered in Chicago, Illionis, with offices in Chicago and London, England. (*Id.* ¶¶ 2-3.) The affidavit avers that Harrison is not licensed to do business in Maine, has no offices in Maine, has no employee located in Maine, does not own any property in Maine, does not deliver goods to Maine, and has not deliberately or knowingly reached into Maine to solicit Richen's business. (*Id.* ¶¶ 4-7, 9-10.) According to the affidavit, Harrison Street has no ownership interest in the special purpose entity that owns the property at issue in this case, did not hire Asset Campus Housing, Inc. as property manager, is not a party to any contract with Richen, and did not conduct any oversight of the contract at issue in this case. (*Id.* ¶¶ 8, 11-13.)

In opposition to the motion to dismiss, Plaintiff has provided the court with numerous purported Securities and Exchange Commission forms, merger documents, website print-outs, press releases, deeds, and news articles. (*See* Pl. Exs. A-L.) Richen purports that these documents tend to show that in October 2015, Campus Crest Communities, Inc. entered into a merger agreement with HSRE Quad Merger Parent, LLC (a Delaware company) and its wholly owned subsidiary MRSE Quad Merger Sub, LLC (a Maryland company). (Pl. Opp'n to Mot. Dismiss 1.) HSRE Quad Merger Parent, LLC is an "affiliate" of Harrison Street. (*Id.*, Pl. Ex. A.) Richen purports that the sole member and manager of HSRE Quad Merger Parent, LLC and MRSE Quad Merger Sub, LLC is Stephen M. Gordon, who is also general counsel for Harrison

5

Street. (*Id.*)    According to the press releases and new articles, Harrison Street "acquired" Campus Crest Communities, Inc. pursuant to the merger agreement in March 2016. (*Id.* at 2.) The press releases and news articles also purport that Harrison Street "tapped" Asset Campus Hosing, Inc. as the third-party manager for Campus Crest Communities, Inc.'s properties. (*Id.*) Richen further purports that the exhibits demonstrate that Defendant Campus Crest at Orono, LLC, a foreign company registered with the Maine Bureau of Corporations, is a subsidiary of Campus Crest Communities, Inc. (*Id.*) Richen purports that Campus Crest at Orono, LLC is the grantee of two deeds for the apartment complex in Orono, Maine. (*Id.* at 2-3.) According to an April 2016 new article, Harrison Street employees in Chicago "are working with local people on the ground in Orono to evaluate their new property" and that Harrison Street has "an asset management team here that will work with them,..." (Pl. Ex. K.) Thus, according to Richen, Harrison Street has sufficient contacts with the forum to exercise personal jurisdiction over Harrison Street. (Pl. Opp'n to Mot. Dismiss 6-7.)

However, none of Plaintiff's exhibits or assertions are supported by affidavits. Thus, none of Richen's assertions of fact have been sworn to and none of the submitted exhibits have been authenticated under oath. As discussed above, in order to oppose dismissal for lack of personal jurisdiction, Richen must go beyond the pleadings and establish that the exercise of personal jurisdiction is proper based on "specific facts set forth in the record." *Dorf*, 1999 ME 133, ¶ 13, 735 A.2d 984. "This showing may be made by affidavit or otherwise." *Id.* Thus, Richen has not met its evidentiary burden.

Even if the court were to consider the exhibits and Richen's assertions, they still fail to establish sufficient contacts by Harrison Street to satisfy due process. Although separate incorporation is not dispositive of a lack of jurisdiction, "courts have presumed the institutional

independence of parent and subsidiary when determining whether jurisdiction may be asserted over the parent solely on the basis of the subsidiary's contacts with the forum." *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 465 (1st Cir. 1990). Personal jurisdiction over a parent corporation based a subsidiary's conduct has been found only where there is the evidence of a "plus factor" beyond the subsidiary's mere presence within the corporate family. *Id.* at 465-66. For instance, "jurisdiction has been premised on a finding of control – not merely the degree of control innately inherent in the family relationship, but the exercise of control by the parent 'greater than that normally associated with common ownership and directorship.'" *Id.* at 466 (citation omitted). Jurisdiction has also been found where "the subsidiary is merely an empty shell." *Id.* The First Circuit has stated:

> To the extent that a subsidiary enters the forum state as an agent for the parent, or in circumstances where the parent is exercising unusual hegemony over the subsidiary's operations and has dictated the entry, or where the subsidiary is a separate entity in name alone, the parent has plainly made a choice to avail itself of the forum's benefices.

*Id.*

Although the press releases and news articles submitted by Richen purport that Harrison Street "acquired" Campus Crest Communities, Inc. and "tapped" Asset Campus Hosing, Inc. as its third-party property manager, those press releases and articles are contradicted Richen's other evidence that Harrison Street is only an "affiliate" of the HRSE Quad Merger Parent, LLC, which merged with Campus Crest Communities, Inc. Although Richen's exhibits demonstrate that Harrison Street and HRSE Quad Merger Parent, LLC share at least one of common director, none of Richen's exhibits establish that Harrison Street actually owns or exerts actual control over HRSE Quad Merger Parent, LLC, Campus Crest Communities, Inc., or Campus Crest at Orono, LLC. Thus, even considering the exhibits, Richen has not made *prima facie* case that

Harrison Street exercises control "'greater than that normally associated with common ownership and directorship'" in order to exercise personal jurisdiction over Harrison Street in this case. *Donatelli*, 893 F.2d at 465 (citation omitted). Therefore, Richen has failed to establish sufficient contacts by Harrison Street to satisfy due process.

### CONCLUSION

Defendant Harrison Street Real Estate Capital, LLC's motion to dismiss the amended complaint against it pursuant to Maine Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is **GRANTED**.

The Clerk is instructed to enter this Order on the docket for this case incorporating it by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 6/20/17

Richard Mulhern
Judge, Business & Consumer Court

Entered on the Docket: 6-20-17
Copies sent via Mail Electronically
TO PLAINTIFF

8