STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. CV-18-66

JEFFREY WAX,

          Plaintiff

     v.                                 ORDER ON DEFENDANT'S
                                        MOTION TO DISMISS
LAURA SHACKLETT,

          Defendant

Before the court is defendant Laura Shacklett's motion to dismiss plaintiff Jeffrey Wax's

complaint. For the following reasons, the motion is granted in part and denied in part.

I.     Allegations in the Complaint

Plaintiff is a Maine resident. (Compl. ¶¶ 1-2.) He resided with defendant in Windham,

Maine from 2008 to 2012 and the parties were involved at times in a romantic relationship.

(Compl. ¶¶ 4-5.) During that time, plaintiff had a money market account and a checking account

at Evergreen Credit Union, a Maine based bank. (Compl. ¶¶ 10-11, 13.) Defendant withdrew and

used money from plaintiff's accounts without his knowledge or authority. (Compl. ¶¶ 17-19, 24,

30-34, 40-52.) Plaintiff did not learn of defendant's conduct until May 27, 2016 and reported the

conduct to the credit union on May 28, 2016. (Compl. ¶¶ 30, 35.) Plaintiff sustained severe

emotional distress because of the defendant's conduct, including the loss of plaintiff's money and

the impact on his credit report. (Compl. ¶¶ 49-52, 60, 70-74, 75-79.) Plaintiff filed his complaint

on February 9, 2018.

II.    Rule 12(b)(2) Motion to Dismiss: Lack of Personal Jurisdiction

Maine's long-arm statute allows for jurisdiction over:

1

[a]ny person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

B. Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;

14 M.R.S. § 704-A(2) (2011). Due process is not violated if "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." Fore v. Benoit, 2012 ME 1, ¶ 7, 34 A.3d 1125. The burden is on the plaintiff to demonstrate parts one and two of the test. If plaintiff makes that demonstration, the burden shifts to defendant to show the negative as to the third part. See Benoit, 2012 ME 1, ¶ 9, 34 A.3d 1125.

In an effort to show plaintiff is a resident of Texas, defendant attached a series of unauthenticated documents to her motion. (Mot. Dismiss 1 n.1 and Exhibits 1-4.)[1] Plaintiff included his affidavit with his objection to the defendant's motion. In the affidavit, he stated he is a resident of Maine, he owns real property in Maine, and he is temporarily residing in Texas. (Pl.'s Aff. ¶¶ 1-2, 7.)

This case clearly falls within Maine's long arm statute. See 14 M.R.S. § 704-A(2) (2011). Due process is not violated by the court exercising jurisdiction over this case based on the allegations in the complaint. Maine has a legitimate interest in the subject matter of the litigation. Based on this record, this case involves a plaintiff who is a Maine resident and a Maine financial institution. Defendant reasonably could have anticipated litigation in Maine because she had a

---

[1] Defendant also includes facts in the memorandum that do not appear in the complaint or by affidavit. (Def.'s Mem. 1-2.)

2

romantic and financial relationship with the plaintiff and used a Maine financial institution to pay bills. Maine's exercise of jurisdiction in this case comports with traditional notions of fair play and substantial justice. Defendant has presented no reasons as to why it is unreasonable to require her to litigate in Maine. See Fore, 2012 ME 1, ¶¶ 7, 9, 34 A.3d 1125.

### III.    Rule 12(b)(6) Motion to Dismiss: Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the court considers only the allegations in the complaint, which are accepted as true. Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254; Moody v. State Liquor & lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. A court may, however, consider official public documents, documents that are central to a plaintiff's claim, and documents referred to in the complaint without converting a motion to dismiss into a motion for summary judgment. Moody, 2004 ME 20, ¶ 11, 843 A.2d 43; see also M.R. Civ. P. 12(b).

### IV.    Statute of Limitations

Plaintiff alleges that defendant drained his accounts without his knowledge or authority and that he did not learn of the conduct until May 27, 2016. (Compl. ¶ 30.) Based on his allegations of fraud, his claims are not barred by the statute of limitations. See 14 M.R.S. § 859 (1985) ("[I]f a fraud is committed which entitles any person to an action, the action may be

3

commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action").

## V.   Count II(A): Intentional Infliction of Emotional Distress

To bring a claim of intentional infliction of emotional distress (IIED) the plaintiff must allege:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from her conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Curtis v. Porter, 2001 ME 158, ¶ 10, 784 A.2d 18 (quotation marks omitted).

Plaintiff has alleged a prima facie case for each element of his IIED claim.

## VI.   Count II(B): Negligent Infliction of Emotional Distress

A claim of negligent infliction of emotional distress (NIED) is more limited than its intentional counterpart. Curtis, 2001 ME 158, ¶ 17, 784 A.2d 18. NIED claims arise in "bystander liability actions" and in "circumstances in which a special relationship exists between the actor and the person emotionally harmed." Id. at ¶ 19.[2] Plaintiff has not alleged a recognized special relationship between himself and the defendant. See Estate of Cilley v. Lane, 2009 ME 133, ¶¶ 16-22, 985 A.2d 481 (no special relationship between former romantic partners). Plaintiff's claim for NIED must be dismissed.

---

[2] In Curtis, the Law Court held that most torts allow a plaintiff to recover for emotional suffering and a claim of NIED is "subsumed in any award entered on the separate tort." 2001 ME 158, ¶ 19, 784 A.2d 18. If a separate tort claim specifically does not allow for recovery of emotional distress "a plaintiff may not circumvent that restriction by alleging negligent infliction in addition to the separate tort." Id.

4

## VII.  Unjust Enrichment

Plaintiff's claim of unjust enrichment is not barred by his claim of conversion.  Plaintiff may make pleadings in the alternative.  See M.R. Civ. P. 8(e)(2) ("When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.").  Plaintiff has sufficiently pleaded the elements of an unjust enrichment claim.  See Knope v. Green Tree Servicing, LLC, 2017 ME 95, ¶ 12, 161 A.3d 696.

The entry is

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

Defendant's Motion to Dismiss Counts I and III is DENIED.

Defendant's Motion to Dismiss Count II is GRANTED on the Claim for Negligent Infliction of Emotional Distress and DENIED on the Claim for Intentional Infliction of Emotional Distress.

Date:    October 25, 2018

Nancy Mills
Justice, Superior Court

5