2003 ME 133

Priscilla C. STAPLES

v.

Kenneth MICHAUD.

Docket No. Aro–03–227.

Supreme Judicial Court of Maine.

Argued: Oct. 14, 2003.

Decided: Nov. 25, 2003.

---

Judith W. Thornton, Esq. (orally), Ebitz & Thornton, P.A., Brewer, for plaintiff.

John J. Wall III, Esq. (orally), Monaghan Leahy, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Priscilla C. Staples appeals from a judgment entered in the District Court (Fort Kent, *Griffiths, J.*) dismissing her complaint for protection from harassment against Kenneth Michaud. Staples contends that she met the pleading requirements of M.R. Civ. P. 8(a); that she asserted an actionable claim under Maine's protection from harassment statute, 5 M.R.S.A. §§ 4651 to 4660–A (2002 & Supp. 2002); and that the court erred in dismissing her complaint based on the Maine Tort Claims Act (MTCA), 14 M.R.S.A. §§ 8101 to 8118 (2003).[1] We agree that Staples met the pleading requirements of the Maine Rules of Civil Procedure; that Staples asserted an actionable claim under the protection from harassment statute; and that the court erred in dismissing, based on the MTCA, that part of her claim seeking injunctive relief.

## I.  BACKGROUND

[¶ 2] Staples's complaint alleges the following. On December 10, 2002, Staples called the Fort Kent Police Department on behalf of a tenant to complain about noise on the snowmobile trail that runs near her home. Michaud, the Fort Kent Chief of Police, returned her call, and the two engaged in a heated conversation in which Michaud accused Staples of harassing the police department with her complaints. After the conversation, Staples wrote Michaud a letter, explaining that she was "greatly disturbed" by the telephone call.

[¶ 3] On December 11, 2002, Staples dropped off her letter to Michaud at the police department, and then ran into Michaud outside, where he told her that he wanted to talk to her in his office. Staples describes in her complaint several threats made by Michaud in their subsequent face-to-face conversation. Specifically, Staples alleges that:

(1) Michaud informed Staples that she was in trouble as long as she "continue[d] to be in the papers and at meetings" and that "people" who wanted the snowmobile trail would riot if they did not get it.

(2) Michaud warned her that she would be hurt on the trail or downtown if she continued to pursue legal action concerning the snowmobile trail. He told her that he knew that the "people" would get her.

(3) When Staples reminded Michaud of his duty to enforce rules and to protect her, Michaud made it clear to Staples that he believed that she had brought the wrath of the town upon herself.

---

1. Staples also argues that Maine's protection from harassment statute requires that a plaintiff be afforded a testimonial hearing before her complaint may be dismissed. We disagree. The statute's provision, 5 M.R.S.A. § 4654(1) (2002), providing that "[w]ithin 21 days ... a hearing shall be held," merely sets a time limit within which a hearing shall be held, *if one is necessary*.

(4) Michaud informed Staples that "they" were mad at her and that "they" would get her.

(5) Michaud told her to keep her brother off the streets. Michaud said that because Staples's brother walked in the streets, he, along with Staples, might get "bumped."

(6) Michaud warned Staples that the more she complained about the trail, the worse it would get, going as far as hypothesizing that people would run her off the road.

(7) When Staples talked about carrying a camera with her when she walked the trail, Michaud told her that she was not safe even with a camera; that she could get hit even off the road.

(8) Michaud told Staples that, through her complaining about the trail, she would lose the tenant who had complained about noise on the trail. He hypothesized that "they" would "screech in her yard," that it would get worse before it got better, and that "they" would ultimately induce the tenant to leave.

(9) When discussing the possibility of cutting back on night use of the trail, Michaud asserted that "[w]e have the right to do it!," (implicating himself as one of the "they" or the "people" he continued to refer to).

(10) When Staples asked Michaud if he thought that her giving up was the answer, he told her that it would cause her less harassment.

[¶ 4] The last act of intimidation Staples cited in her complaint occurred on December 18, 2002, when Michaud addressed the Fort Kent High School and warned the entire assembly of students and teachers that there was a woman on the snowmobile trail taking pictures of speeders. He was referring to Staples.

[¶ 5] On December 23, 2002, Staples filed a complaint for protection from harassment against Michaud on her own and on her brother's behalf. On the court-provided form and in her attachments to the form, she described the events occurring between December 10 and December 18, 2002, that she perceived as threatening. On the form where it asked the complainant to indicate the relief sought, Staples checked off every type of relief, including both monetary and injunctive.

[¶ 6] On February 18, 2003, Michaud filed a motion to dismiss Staples's complaint, indicating that although he accepted the facts as stated in Staples's complaint as true, he disputed Staples's *characterizations* of his actions as threatening or intimidating. He also asserted that the District Court did not have jurisdiction to hear Staples's claim for monetary damages because the MTCA reserves jurisdiction for such an action in Superior Court, 14 M.R.S.A. § 8106(1) (2003), and that, pursuant to the MTCA, he would be protected by "discretionary function immunity," 14 M.R.S.A. § 8111(1)(C) (2003).

[¶ 7] The District Court granted Michaud's motion to dismiss based upon three grounds, two of which indicated that the MTCA barred Staples's claim. We do not address these grounds because Staples waived her right to seek monetary damages against Michaud and the parties have agreed that under these circumstances the MTCA is not implicated. The court's third ground for dismissal was its determination that Staples did not state a claim upon which relief could be granted. M.R. Civ. P. 12(b)(6). The court stated in its order of dismissal that "the plaintiff's Complaint fails to state a cognizable claim of harassment under the provisions of 5 M.R.S.A. §§ 4651 to 4660–A (2002) in that the plaintiff does not allege actionable conduct and does not allege the necessary intent." It

is upon this ground that we base our decision to vacate.

## II. DISCUSSION

■ [¶ 8] When we review a Rule 12(b)(6) dismissal, we view the material allegations of the complaint as if they were admitted. *Napieralski v. Unity Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 391, 392 (citing *Johanson v. Dunnington*, 2001 ME 169, ¶ 2, 785 A.2d 1244, 1245). We " 'examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.' " *Id.* (quoting *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217, 220).

[¶ 9] The Maine Rules of Civil Procedure describe a sufficient claim for relief as "[a] pleading which sets forth a claim for relief ... contain[ing] (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks." M.R. Civ. P. 8(a).

■ [¶ 10] The statute under which Staples brought this action defines one legally actionable type of harassment as "[t]hree or more acts of intimidation, confrontation, physical force or the threat of physical force directed against any person, family or business that are made with the intention of causing fear, intimidation or damage to property and that do in fact cause fear, intimidation or damage to property." 5 M.R.S.A. § 4651(2)(A) (2002 & Supp. 2002). Staples met her burden of alleging facts that make out a claim based on "some legal theory," *Napieralski*, 2002 ME 108, ¶ 4, 802 A.2d at 392, when in her complaint she listed by number several instances where she interpreted Michaud's actions as directly threatening her. She was clearly alleging intentional acts of intimidation on the part of Michaud, thereby stating an actionable claim pursuant to section 4651(2)(A) of the protection from harassment statute.

[¶ 11] Although Michaud argues that Staples's complaint was insufficient because what Staples characterized as "threats" were mere "warnings," it is Staples's allegations that we must examine to determine whether she has "set forth elements of a cause of action or facts that might entitle her to relief." *Napieralski*, 2002 ME 108, ¶ 4, 802 A.2d at 392. We examine the complaint in the light most favorable to the plaintiff. *Id.*

[¶ 12] Staples has met the requirements of the Maine Rules of Civil Procedure and has made out a "short and plain statement ... showing that [she] is entitled to relief." M.R. Civ. P. 8(a). Her complaint has both set forth elements of a cause of action and alleged facts that would entitle her to relief pursuant to the protection from harassment statute. *See Napieralski*, 2002 ME 108, ¶ 4, 802 A.2d at 392.

The entry is:

Judgment vacated. Case remanded to the District Court for further proceedings consistent with this opinion.