MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2014 ME 154
Docket:       Yor-14-124
Argued:       December 9, 2014
Decided:      December 31, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

ROBERT M.A. NADEAU

v.

LYNNANN FRYDRYCH

PER CURIAM

[¶1]   Robert M.A. Nadeau appeals from a judgment of the District Court (York, *Cantara, J.*) dismissing his complaint for protection from harassment against Lynnann Frydrych.   The judgment was entered after a non-testimonial hearing.

[¶2]   Nadeau argues that the court erred by determining that he failed to allege three or more acts of harassment pursuant to 5 M.R.S. § 4651(2)(A) (2014) or, alternatively, by failing to consider the alleged conduct as harassment by a single act or course of conduct constituting a violation of Maine's stalking statute, 5 M.R.S. § 4651(2)(C) (2014); 17-A M.R.S § 210-A (2014).[1]   Nadeau also contends that, because his complaint was not frivolous, the court erred or abused

---

[1]  Nadeau's complaint stated that he was not seeking relief on a stalking theory.  Thus, the stalking issue is not preserved for appeal, and we do not address it further.  *See Berg v. Bragdon*, 1997 ME 129, ¶ 9, 695 A.2d 1212 ("[I]ssues raised for the first time on appeal are generally unpreserved.").

2

its discretion by awarding Frydrych attorney fees and costs, and that the fees as assessed were unreasonable. Reviewing the legal sufficiency of the dismissed complaint de novo and in the light most favorable to Nadeau, *see Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710, we conclude that Nadeau alleged sufficient facts to entitle him to seek relief pursuant to section 4651(2)(A). Accordingly, we vacate the judgment and remand for consideration on the merits.

## I. CASE HISTORY

[¶3]  On December 23, 2013, Nadeau filed a complaint for protection from harassment against Frydrych in the District Court pursuant to 5 M.R.S. § 4652 (2014).  In a twenty-three-page attachment to the complaint, Nadeau alleged that Frydrych had engaged in several incidents of harassment against him since the end of their personal relationship.  On February 12, 2014, Frydrych filed a motion to dismiss Nadeau's complaint pursuant to M.R. Civ. P. 12(b)(6), asserting that Nadeau failed to state a claim of harassment and did not attach a copy of a notice to cease harassment, as required by 17-A M.R.S. § 506-A (2014) and 5 M.R.S. § 4653(1)(B) (2014).[2]  Frydrych's motion also sought attorney fees on the basis

---

[2]  Except in narrow circumstances, a plaintiff seeking a protection from harassment order based upon a "[t]hree or more acts" theory must file with the court "a copy of a notice to stop harassing the plaintiff issued to the defendant pursuant to [17-A M.R.S. § 506-A(1)(A)(1)(a) (2014)] or a statement of good cause why such a notice was not sought or obtained."  5 M.R.S. § 4653(1)(B) (2014).  The notice requirement was added to the protection from harassment statute in 2011, *see* P.L. 2011, ch. 559, § C-3 (effective Aug. 30, 2012) (codified at 5 M.R.S. § 4653(1)(B) (2014)), replacing a more basic requirement that the plaintiff include in the complaint an affidavit stating that "[e]ither the plaintiff has or has not

that the complaint was frivolous and contained unwarranted personal attacks on Frydrych regarding her character and the history of the relationship between the parties.

[¶4] The court held a hearing on the motion on March 3, 2014. Through a dismissal order and subsequent clarification order, the court dismissed the complaint with prejudice, concluding that Nadeau had not sufficiently alleged harassment as defined by 5 M.R.S. § 4651(2)(A). In an accompanying order, the court awarded Frydrych $7,257.50 in attorney fees and costs pursuant to 5 M.R.S. § 4655(1-A) (2014) and the court's inherent authority. Nadeau filed this timely appeal pursuant to M.R. App. 2(b)(3) and 5 M.R.S. § 4658(1) (2014).

## II. LEGAL ANALYSIS

[¶5] "In reviewing a trial court's decision on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), we view the facts alleged in the complaint as if they were admitted." *Ramsey*, 2012 ME 113, ¶ 2, 54 A.3d 710. We review the legal sufficiency of the complaint de novo and view the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of

contacted any law enforcement officials concerning the alleged harassment," P.L. 2011, ch. 559, § C-4 (effective Aug. 30, 2012) (formerly codified at 5 M.R.S. § 4654(2)(A)(2) (2011)).

The court denied Nadeau's request for a temporary order for protection from harassment, determining that Nadeau failed to attach a copy of a notice to cease harassment with the complaint pursuant to 17-A M.R.S. § 506-A (2014) and 5 M.R.S. § 4653(1)(B) or otherwise show good cause for not seeking or obtaining such a notice. The court may address on remand the effect of the missing cease harassment order on the complaint for a final order of protection from harassment.

action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295; *see also Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830 (allegations in the complaint are evaluated to determine if there is "any cause of action that may reasonably be inferred from the complaint"). The notice pleading standard, *see* M.R. Civ. P. 8(a), requires only that the complaint "give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief, and then make a demand for that relief." *Howe v. MMG Ins. Co.*, 2014 ME 78, ¶ 9, 95 A.3d 79.

[¶6] Legally actionable harassment can comprise either "[t]hree or more acts of intimidation, confrontation, physical force or the threat of physical force . . . that are made with the intention of causing fear, intimidation or damage to personal property and that do in fact cause fear, intimidation or damage to personal property," 5 M.R.S. § 4651(2)(A), or a "single act or course of conduct constituting a violation of" listed criminal statutes, including Maine's stalking statute, 5 M.R.S § 4651(2)(C); *see* 17-A M.R.S. § 210-A.

[¶7] A plaintiff seeking protection from harassment can meet his or her burden to overcome a Rule 12(b)(6) motion by alleging in the complaint that the defendant committed three or more acts of intentional intimidation, including non-physical acts, that the plaintiff has interpreted as directly threatening. *See*

*Staples v. Michaud*, 2003 ME 133, ¶¶ 3, 10-12, 836 A.2d 1288; *see also Jefts v. Dennis*, 2007 ME 129, ¶ 7-8, 931 A.2d 1055 (holding that "repeated email messages and embarrassing facsimile messages" sent to an ex-spouse's office may be sufficient to warrant an order of protection from harassment).

[¶8]    Viewing the complaint in the light most favorable to Nadeau, the allegations in the complaint are, as a matter of law, sufficient to overcome a Rule 12(b)(6) motion because they create a reasonable inference of three or more acts of harassment.  *See McCormick*, 2012 ME 20, ¶ 5, 37 A.3d 295; *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830.  In reaching this conclusion, we consider only the allegations in the complaint, which we accept as true; we do not address the credibility, or the provability, of Nadeau's allegations.  Such questions are reserved for the fact-finder and can be addressed only following a trial on the merits of the complaint.

[¶9]    Based on a de novo review of the complaint and viewing the allegations in the light most favorable to Nadeau, the allegations in the complaint are sufficient to overcome a 12(b)(6) motion to dismiss.  Because the court's award of attorney fees to Frydrych rested at least in part on a conclusion that Nadeau's complaint was without legal basis, the award must also be vacated.

The entry is:

> Judgment and order awarding attorney fees vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs and at oral argument:**

Robert M.A. Nadeau, appellant pro se

Tyler J. Smith, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellee Lynnann Frydrych

York District Court docket number PA-2013-185
FOR CLERK REFERENCE ONLY