STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-130

CHRISTOPHER POTHIER,

Plaintiff

v.

ORDER ON MOTION TO DISMISS

CHRIS BEAL and ATLAS
CONTRACTING, INC.,

Defendants

Before the court is Defendants Chris Beal ("Beal") and Atlas Contracting, Inc.'s ("Atlas")

motion to dismiss Plaintiff Christopher Pothier's ("Pothier")complaint. M.R. Civ. P. 12(b)(6). For

the following reasons, Beal and Atlas' motion to dismiss is granted.

Factual Background

The following facts are alleged in Pothier's complaint, which for the purpose of this motion

are viewed as if they were admitted:


Pothier is a resident of South Portland, Cumberland County, Maine. (Compl. ¶ 1.)

Defendant Chris Beal was at all times relevant to this action a resident and doing business in

Brunswick, Maine. (Compl. ¶ 2.) As of March 14, 2014, Defendant Atlas Contracting was a

Maine business corporation with its primary place of business in Brunswick, Maine. (Compl. ¶

14.)

On March 14, 2014, Pothier slipped and fell on the premises of Brentwood Center for

Health and Rehabilitation (Brentwood), located on Portland Street in Yarmouth, Maine. (Compl.

¶ 3.) As a result of the slip and fall, Pothier sustained personal injuries. (Compl. ¶ 4.) At the time

1

that Pothier fell on Brentwood's premises, Beal and Atlas had contracted with Brentwood to plow, sand, salt and otherwise keep and maintain in good and reasonably safe condition and repair, all driveways, parking lots, and entranceways of Brentwood. (Compl. ¶¶ 5, 17.) On March 14, 2014 Beal knew or should have known of the existence of the slippery and dangerous condition of the driveway/entranceway at Brentwood due to the accumulation of ice and snow. (Compl. ¶8.) As a result of Beal's carelessness, and negligence by failing to timely and with reasonable care salt, sand, plow, treat, or otherwise maintain the driveways and entranceways of Brentwood on March 14, 2014, Pothier suffered injuries. (Compl. ¶9.)

## Procedural History

Pothier filed a complaint on March 13, 2020, alleging four counts: count I, negligence as to Defendant Beal; count II, breach of contract as to Defendant Beal; count III, negligence as to Defendant Atlas; and count IV, breach of contract as to Defendant Atlas.

Beal and Atlas filed a motion to dismiss the complaint on June 17, 2020. Pothier filed an opposition to the motion to dismiss on July 7, 2020. Beal and Atlas filed a reply to the opposition on July 17, 2020.

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff.

2

*Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted). On the other hand, "a party may not . . . proceed on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted).

Tort Claims

Beal and Atlas argue that Pothier did not allege sufficient facts that if proven would establish Beal and Atlas owed him a duty of care. (Defs.' Mot. Dismiss 3-6.) Plaintiff responds that discovery should be allowed and that the case Defendants cite in support of their motion to dismiss is not directly applicable because it involves a case on summary judgment. (Pl.'s Opp'n to Defs.' Mot. Dismiss 2-5.)

In *Davis v. R C & Sons Paving, Inc.*, the Law Court held that "a non-possessor of land who negligently creates a dangerous condition on the land may be liable for reasonably foreseeable harms." 2011 ME 88, ¶ 19, 26 A.3d 787 (quotation marks omitted). In its consideration of whether a non-possessor of land who was contracted to remove snow from a parking lot owed a duty to a patron who fell in the parking lot, the Law Court stated:

> Although it is clear that a non-possessor who negligently creates a
> dangerous hazard may be liable for reasonably foreseeable harms,

3

in cases involving injuries sustained as a result of the annual risks posed by winter weather, it is particularly important to consider whether the dangerous hazard was created by the non-possessor's actions or by the natural accumulation of snow or ice. In determining the existence and scope of a duty in cases involving injuries sustained as a result of snow and ice conditions, we are informed by the annual risks created by the relatively harsh winters in Maine and recognize that requiring landowners or non-possessors to fully protect against hazards created by snow and ice is simply impracticable.

*Id.* ¶ 21 (quotation marks omitted).

Here, Pothier clearly alleges that Beal and Atlas owed him a duty to maintain the driveway/entranceway to Brentwood's premises in a reasonably safe condition. (Compl. ¶¶ 5-6, 17-18.) However, Pothier never alleges that Beal or Atlas created the danger that lead to his injury. His complaint merely alleges that they failed to timely remove the dangerous conditions created by the winter weather, and that the conditions were dangerous due to accumulation of ice and snow. (Compl. ¶¶ 7-9, 19-21.) While Pothier is correct to note that *Davis* acknowledges the possibility of liability for non-possessors of land who negligently create a danger, that is not what he alleged.

Discovery will not remedy this defective pleading. Notice pleading is a forgiving standard, but it still requires that Pothier allege facts that, "if proved, would satisfy the elements of the cause of action." *Burns*, 2011 ME 61, ¶ 17, 19 A.3d 823. *Davis* clearly states that "by plowing the snow the snow in the parking lot, [defendant] did not create the layer of ice that remained beneath the snow . . . in other words, the actions taken by [defendants] did not create the ice hazard that lead to [plaintiff's] fall." 2011 ME 88, ¶ 22, 26 A.3d 787. Pothier alleges that Beal's and Atlas' failure to timely and with reasonable care address the accumulation of ice and snow created a dangerous condition, a legal theory plainly at odds with *Davis*. (Compl. ¶¶ 8-9,

4

20-21.) To state a claim, Pothier would have to plead that Beal and/or Atlas' conduct in some way caused the danger, not that it failed to timely remove a danger caused by the weather.

Discovery would perhaps allow Pothier to prove the facts alleged in his complaint. However, the court takes all facts alleged in his complaint as true for the purposes of this motion, and considers whether his claims would entitle him to recovery under any factual scenario. The lack of discovery, therefore, does not impact this analysis. Pothier has not plead facts or set forth the elements of a tort claim that would entitle him to relief, so these claims must be dismissed.

Contract Claims

Beal and Atlas argue that they did not owe a contractual duty to Pothier. (Defs.' Mot. Dismiss 6-8.) Pothier's argument against granting the motion to dismiss on this issue is similar to his argument on the negligence claims, that dismissal would be premature and that he should be allowed to conduct discovery. (Pl.'s Opp'n to Defs.' Mot. Dismiss 7.)

The Law Court has adopted Section 302 of the Restatement (Second) of Contracts, which provides:

> 1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*See Davis*, 2011 ME 88, ¶ 12, 26 A.3d 787.

The Complaint alleges that Beal and Atlas breached their contract with Brentwood. (Compl. ¶¶ 11, 23.) The Complaint further alleges that as a result of this breach Pothier suffered injuries and therefore Beal and Atlas should compensate him. (Compl. ¶¶ 12, 24.) "A clear

5

distinction must be drawn between actions which sound in contract and those which sound in tort." Davis, 2011 ME 88, ¶ 16, 26 A.3d 787 (quotation marks omitted). Actions that sound in contract stem from a "consensual obligation between two or more parties," whereas liability in tort "is grounded on a status relationship between the parties." *Id.* (quotation marks omitted).

The Complaint does not allege that the Pothier is an intended beneficiary of the contract between Beal and Atlas and Brentwood. (Compl. ¶¶ 3-4, 6-7.) It alleges no facts about the intent of the contract at all. Pothier argues that while the Complaint never specifically refers to him as a third-party beneficiary, this allegation should be inferred because he would otherwise have no right to sue under the contract. (Pl.'s Opp'n to Defs.' Mot. Dismiss 6.) In other words, Pothier asks this court to read an allegation into the complaint that is not there.

Pothier's argument is unavailing. When a complaint fails to allege an essential element of a claim, or facts that would make out such an element, it has failed to state a claim on which relief can be granted. *See Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254. The Complaint alleges that there is a contract between Beal or Atlas and Brentwood, that Beal or Atlas breached this contract, and that this breach injured Pothier. It does not allege that Pothier would have any standing to enforce this contract, as an intended beneficiary or otherwise.

Pothier argues that he should have the chance to conduct discovery to find facts to support a claim that he is an intended beneficiary under this contract. (Pl.'s Opp'n to Defs.' Mot. Dismiss 7.) This, again, is a question of proof. That is not the issue before the court. The issue is whether the allegations in the Complaint either set forth the elements of a cause of action or allege facts that, if proven, would entitle Pothier to relief under some legal theory. Taking all of the allegations in the Complaint as true, Pothier has no standing to enforce the contract between Beal and Atlas and Brentwood. The Complaint therefore fails to state a claim on which relief can be granted.

6

The entry is

> Defendants Chris Beal and Atlas Contracting, Inc.'s Motion to Dismiss Plaintiff's Complaint is GRANTED, and judgment is entered for Chris Beal and Atlas Contracting, Inc.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: August 25, 2020

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 8/26/2020

7