STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-65

SEP 28 '21 PM1:01
ANDRO SUPERIOR COURT

NICHOLAS DIBIASE

VS.

ORDER ON MOTION TO DISMISS
AND MOTION TO STAY

JOSHUA STOEHNER d/b/a
JMS GENERAL CONTRACTORS

Before the court is Defendant Joshua Stoehner's, d/b/a JMS General Contractors

(" Stoehner") motion to dismiss, and alternatively, motion to stay proceeding, regarding Plaintiff

Nicholas DiDiase's ("DiBiase") complaint pursuant to M.R. Civ. P. 12(b)(6). For the following

reasons, the motion to dismiss is denied, but the motion to stay proceedings is granted.

Procedural History and Factual Background

On June 24, 2021, DiBiase filed with the court a handwritten complaint. Giving the

complaint a liberal reading, DiBiase's complaint alleges he and Stoehner entered an agreement

pursuant to which Stoehner would make some improvements to DiBiase's home; that DiBiase

made a deposit towards completion of the work; that Stoehner started the project and purchased

some of the needed materials; and that Stoehner did not complete the project in a timely or

satisfactory manner and he therefore requests a return of the money he paid. On July 26, 2021,

Stoehner filed with the court an answer to the complaint and also asserted a number of affirmative

defenses. At that time Stoehner also filed a motion to dismiss pursuant to M.R.Civ. P. 12(b)(6) and

in the alternative, a motion to stay proceedings. The motion to stay proceedings is based on

1

Stoehner's assertion that the parties had entered a Model Home Construction Contract(" contract"). DiBiase does not dispute the existence of the contract. The contract provides in paragraph 8(3) "If a dispute arises concerning the provisions of this contract or the performance by the parties, then the parties agree to settle this dispute by jointly paying for...(3) mediation, with the parties agreeing to enter into good faith negotiations through a neutral mediator in order to attempt to resolve their differences." On August 11, 2021, DiBiase filed a response to the motion and indicated a willingness to participate in mediation. Stoehner filed a reply on August 16, 2021.

Standard of Review

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted). On the other hand, "a party may not . . . proceed on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the

2

claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted).

Discussion

Giving DiBiase's handwritten complaint a liberal and forgiving interpretation, the complaint gives Stoehner fair and adequate notice DiBiase is asserting a cause of action for breach of contract. In his complaint DiBiase asserts facts that, if accepted as true, establish the existence of a contract and payment towards that contract, but that Stoehner breached the contract by failing to complete the project, thereby causing DiBiase to suffer damages. DiBiase's complaint sufficiently sets forth the necessary elements for a breach of contract claim. Accordingly, the motion to dismiss is denied.

The contract does however have a requirement to attend mediation. DiBiase acknowledges the same. The court notes that, unless exempted, litigants are required to attend mediation in all civil litigation and pay equally for the cost of mediation pursuant to M.R.Civ. P. 16B. Therefore, requiring the parties to attend mediation now pursuant to the contract, and prior to further litigating the matter, would better serve the interests of justice and potentially save both parties litigation expenses. Therefore, the motion to stay is granted, and the matter is stayed for a period of 120 days during which the parties are to attend private mediation. If the matter is not resolved at mediation and further litigation is required, the matter will be exempt from additional mediation pursuant to M.R.Civ.P. 16B(b)(6).

The entry is

> Defendant Joshua Stoehner's Motion to Dismiss Plaintiff Nichoals DiBiase's's Complaint is DENIED.
>
> Defendant Joshua Stoehner's Motion to Stay Proceedings is GRANTED. The matter is stayed for 120 days during which the parties shall attend private mediation and each shall pay

3

half the expense of said mediation. Unless an extension of the stay has been ordered by the court, the Clerk shall put the matter back on the docket after expiration of 120 days, and enter a new Standard Scheduling Order which shall indicate the matter is not subject to alternative dispute resolution.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: September 28, 2021

Harold Stewart, II
Justice, Superior Court

4

NICHOLAS B DIBIASE - PLAINTIFF
22 BEMIS STREET
LIVERMORE FALLS ME 04254

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2021-00065

vs
JOSHUA STOEHNER - DEFENDANT

**DOCKET RECORD**

Attorney for: JOSHUA STOEHNER
JON P PLOURDE  - WITHDRAWN 09/07/2021
SHANKMAN & ASSOCIATES
472 MAIN ST STE 1
LEWISTON ME 04240

Attorney for: JOSHUA STOEHNER
PAUL DOUGLASS  - RETAINED 08/30/2021
PAUL S DOUGLASS PA
471 MAIN STREET
PO BOX 1346
LEWISTON ME 04243-1346

Filing Document: COMPLAINT          Minor Case Type: CONTRACT
Filing Date: 06/24/2021

# Docket Events:

06/24/2021 FILING DOCUMENT - COMPLAINT FILED ON 06/24/2021

07/19/2021 Party(s):  JOSHUA STOEHNER
            SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/12/2021

07/19/2021 Party(s):  JOSHUA STOEHNER
            SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/16/2021

08/02/2021 Party(s):  JOSHUA STOEHNER
            RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 07/26/2021

08/02/2021 Party(s):  JOSHUA STOEHNER
            ATTORNEY - RETAINED ENTERED ON 07/26/2021
            Defendant's Attorney: JON P PLOURDE

08/02/2021 Party(s):  JOSHUA STOEHNER
            MOTION - MOTION TO DISMISS FILED ON 07/26/2021
            DEF ALTERNATIVELY TO STAY PROCEEDINGS WITH INCORPORATED ORDER AND PROPOSED ORDER

08/02/2021 ORDER - SCHEDULING ORDER ENTERED ON 08/02/2021
            HAROLD  STEWART , JUSTICE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL

08/02/2021 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 04/02/2022

08/02/2021 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 08/02/2021
            HAROLD  STEWART , JUSTICE

08/11/2021 Party(s):  NICHOLAS B DIBIASE
            OTHER FILING - OPPOSING MEMORANDUM FILED ON 08/11/2021