STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-152

DEC 7 '21 PM2:20
ANDRO SUPERIOR COURT

ANDROSCOGGIN COUNTY,

    Plaintiff

    v.

ORDER ON MOTION TO DISMISS

STATE OF MAINE, DEPARTMENT
OF CORRECTIONS, and
RANDALL LIBERTY,
COMMISSIONER OF THE MAINE
DEPARTMENT OF CORRECTIONS,

    Defendants

The matter before the court is Defendants State of Maine Department of Corrections (the "Department") and Randall Liberty, Commissioner of the Maine Department of Corrections' (the "Commissioner") motion to dismiss Androscoggin County's (the "County") complaint.

Background

This complaint arises out of the County's claim for reimbursement against the State for housing prisoners sentenced to the Department of Corrections during the COVID-19 pandemic. This arose out of Governor Janet Mills's Executive Order 54 (the "Order"), issued on May 15, 2020. The Order states:

> A. The Department may, in its sole discretion, prohibit the transfer of any or all inmates from any or all county or municipal detention facilities to Department facilities.
>
> B. The requirement in 17-A M.R.S. §2304 that the Commissioner of the Department (Commissioner) immediately inform the sheriff or the sheriffs designee of the location of the Department's correctional facility to which the individual committed to the Department must be transported is suspended.
>
> C. The Commissioner or the Commissioner's designee shall exercise the complete discretion granted by 17-A M.R.S. §2304 and may determine that a county or

1

municipal detention facility shall be the initial place of confinement in lieu of a Department facility.

D. Any other pertinent provision of law contrary to the purpose of this Order is hereby suspended during the effective period of this Order.

Me. Exec. Order No. 54 FY 19/20 (May 15, 2020). The Order's stated purpose is "to protect the health of those individuals incarcerated in or working in the Department of Corrections facilities and to protect against the spread of COVID-19 among individuals in those facilities." *Id.*

Sherriffs are responsible for transporting prisoners sentenced to the Department of Corrections to their designated prisons. 34-A M.R.S § 3261(2); 34-A M.R.S. § 3407(2). Statute further provides:

> When, during the conveyance of a person to the [Maine State Prison] in pursuance of that person's sentence, it is necessary or convenient to lodge the person for safekeeping in a jail until the remainder of the conveyance can be conveniently performed, the keeper of the jail shall . . . Receive and safely keep and provide for the person, reasonable charges and expenses for this service to be paid from the State Treasury. . .

34-A M.R.S. § 3261(3) (2021). There is a similarly worded provision for prisoners assigned to the Maine Correctional Center. 34-A M.R.S. § 3407(3) (2021).

The County alleges that the Commissioner, relying on the Order, refused to allow the County to transport state prisoners to a state facility. (Compl. ¶ 14.) The County alleges that the Commissioner continues to limit the ability of the County to transport state prisoners to state facilities to this day. (*Id.*) The County alleges that it continues to expend taxpayer money housing these prisoners. (Compl. ¶ 18.) The County finally alleges that when it requested payment for reasonable charges and expenses from the Commissioner and the Department, it was refused. (Compl. ¶ 20.)

The County filed this lawsuit seeking to collect reimbursement for reasonable charges and expenses it claims it is owed pursuant to the above-cited statutes. The Department and

2

Commissioner argue that these claims are barred by sovereign immunity, and also that the County's claims against the Commissioner in his individual capacity fail regardless as a matter of law. The County has moved to amend its complaint, which the Department and Commissioner oppose as futile on similar grounds. The court will consider these motions together, granting the motion to amend if the motion to dismiss is denied.

Standard

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted). On the other hand, "a party may not proceed[] on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

3

Discussion

The primary issue on this motion is sovereign immunity. Defendants argue that there is no legislative waiver of sovereign immunity under the statutes the County alleges entitle it to reimbursement. The County responds that the Commissioner acted outside his statutory authority when he failed to reimburse the County, which it argues is an exception to sovereign immunity. In the alternative, the County argues that its claims for injunctive relief and declaratory judgment are not barred by sovereign immunity, as it claims prospective relief is another exception to sovereign immunity.

Sovereign immunity is the rule and not the exception. *Knowlton v. Attorney Gen.*, 2009 ME 79, ¶ 15, 976 A.2d 973. Exceptions to immunity are narrow and are strictly construed. *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 5, 728 A.2d 673. In general, sovereign immunity is absolute and can only be waived by "specific authority conferred by an enactment of the Legislature." *Knowlton*, 2009 ME 79, ¶ 12, 976 A.2d 973. Where a State official acts in excess of their statutory powers, an action may sound against them as an individual, thereby removing the protections of sovereign immunity. *See Drake v. Smith*, 390 A.2d 541, 544 (Me. 1978). However, this principle does not abrogate the protection of sovereign immunity where the claim is merely that a State official wrongly exercised statutory powers that he or she possessed. *Id.*

The County argues that the Commissioner acted in excess of his statutory authority by refusing to reimburse the County for reasonable charges and expenses for housing State prisoners during the COVID-19 pandemic. The statutes provide that when the County houses State prisoners due to necessity or convenience, "reasonable charges and expenses for this service [are] to be paid from the State Treasury." 34-A M.R.S. §§ 3261(3), 3407(3). The County

4

contends that the statutes create an affirmative obligation to reimburse the County that the Commissioner has no statutory authority to ignore. The County argues that the Commissioner has valid statutory authority to set the *rate* of that reimbursement, but that failing to issue any reimbursement at all is outside the scope of the statutory powers granted to the Commissioner. Thus, the County argues, the Commissioner is not protected by sovereign immunity.[1]

This case is factually distinguishable from *Drake*, where the alleged wrongful conduct by the State official was a reduction in money paid to a nursing home under a statutory scheme rather than outright refusal to pay. *Drake*, 390 A.2d at 542. However, the facts alleged by the County do not make out a case that the Commissioner acted outside his authority by failing to reimburse the County for housing State prisoners. The Commissioner may have made an erroneous decision when he denied the County reimbursement. However, an erroneous decision does not take the Commissioner beyond the scope of his statutory powers on its own. *See Reagan Nat'l Adver. of Austin, Inc. v. Bass*, 2017 Tex. App. LEXIS 9049, at *10 (Tex. App. Sept. 27, 2017). It would be an absurdity to read the statutes to mean that the Commissioner exceeds his statutory powers if he incorrectly determines whether the event triggering his alleged reimbursement obligations has occurred, thereby opening the Commissioner to personal liability, but that the Commissioner does not exceed his authority by making an erroneous decision as to the rate of reimbursement owed. *See Blue Yonder, LLC v. State Tax Assessor*, 2011 ME 49, ¶ 10,

---

[1] The County states in a footnote that this logic applies equally to a suit against the State. The court does not believe this to be the case. The case on point, *Drake*, states that the protections of sovereign immunity are removed from a State official that acts in excess of his or her statutory powers because that "allow[s] the action to be characterized as an action (sounding in equity or mandamus) against a State official rather than against the State itself." 390 A.2d at 544. This suggests that even if the Commissioner had exceeded his statutory authority, that would still not authorize an action against the State itself.

17 A.3d 667 (courts interpret statutes to avoid absurd, illogical or inconsistent results). The court must conclude that the Commissioner is within his proper statutory authority in both cases.

The County also argues that their request for declaratory judgment and injunctive relief do not fall within the scope of sovereign immunity protections. Again, sovereign immunity is the rule, not the exception. *Knowlton*, 2009 ME 79, ¶ 15, 976 A.2d 973. A claim for declaratory and injunctive relief does not override sovereign immunity where the doctrine applies. *Bell v. Wells*, 510 A.2d 509, 515 (Me. 1986).

The case cited by the County, *Moody v. Comm'r, Dep't of Human Servs.*, 661 A.2d 156, 158-59 (Me. 1995), concerns the specialized case of whether "notice relief" may be ordered as a remedy for wrongfully denied retroactive welfare benefits. Notice relief is only available when there is an ongoing violation of federal law, otherwise it is barred by sovereign immunity. *Id.* at 158. The legal issues in *Moody* are not applicable to the case at hand. The applicability of notice relief concerns the conflict between the Supremacy Clause and sovereign immunity in cases where State officials have violated federal law. *See Green v. Mansour*, 474 U.S. 64, 68-69 (1985). Prospective relief is justified in those cases due to the federal interest in vindicating the supremacy of federal law. *Id.* at 58. It would be erroneous to read this case to open the door for declaratory and injunctive relief in all cases against the State, especially in light of the case law to the contrary.[2] *See Bell*, 510 A.2d at 515.

The County has failed to allege an exception to sovereign immunity that would allow its complaint to survive this motion to dismiss. The motion will be granted.

---

[2] The court is not convinced that there is no due process issue under Me. Const. art. I, § 6-A. Individuals and corporations, because they are constitutional "persons," have procedural due process rights in property interests created by statute. It is not clear whether municipalities are considered "persons" under the Maine Constitution, and as the County has expressly disclaimed any constitutional claims, the court will not address that issue here. However, the court suspects that this complaint may survive a motion to dismiss on procedural due process grounds if the same alleged statutory rights were granted to an individual or a corporation.

The entry is

> The State of Maine Department of Corrections and Randall
> Liberty, Commissioner of the Maine Department of
> Corrections' Motion to Dismiss is GRANTED.
>
> Androscoggin County's Motion to Amend Complaint is
> MOOT.
>
> The Clerk is directed to enter this order into the docket by
> reference pursuant to M.R.Civ.P. 79(a).

Date:   December ___, 2021

Harold Stewart, II
Justice, Superior Court