P AND R MANAGEMENT LLC - PLAINTIFF

Attorney for: P AND R MANAGEMENT LLC
BRADFORD A PATTERSHALL - RETAINED
05/18/2023
NORMAN HANSON & DETROY LLC
PO BOX 4600
TWO CANAL PLAZA
PORTLAND ME 04112-4600

Attorney for: P AND R MANAGEMENT LLC

NORMAN HANSON & DETROY LLC
PO BOX 4600
TWO CANAL PLAZA
PORTLAND ME 04112-4600

v.

RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION - DEFENDANT
PO BOX 1915 (1035 LEWISTON ST)
LEWISTON ME 04241-1915

Attorney for: RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION
JAMES E BELLEAU - RETAINED 05/05/2023
TRAFTON MATZEN BELLEAU & FRENETTE
TEN MINOT AVENUE
PO BOX 470
AUBURN ME 04212

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No       AUBSC-CV-2023-00082

DOCKET RECORD

Filing Document:        COMPLAINT              Minor Case Type:    DECLARATORY JUDGMENT
Filing Date:            04/04/2023

Docket Events:

06/09/2023    TRANSFER - PERMANENT TRANSFER EDI   ON 06/09/2023 at 04:34 p.m.
              TRANSFERRED CASE: SENDING COURT CASEID PORSCCV202300137

              FILING DOCUMENT - COMPLAINT FILED   ON 04/04/2023

              ATTORNEY - RETAINED ENTERED   ON 04/04/2023

              ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE   ON 04/06/2023
              THOMAS MCKEON , JUSTICE

              Party(s):   RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION
              SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED   ON 04/24/2023
              FILED WITH ORIGINAL SUMMONS TO DEFENDANT

              Party(s):   RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION
              SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED   ON 04/17/2023
              ACCEPTANCE OF SERVICE SIGNED BY SHAWN K. BELL, ESQ. ON BEHALF OF DEFENDANT

              Party(s):   RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION
              MOTION - MOTION TO DISMISS FILED   ON 05/05/2023
              DEFENDANT'S MOTION TO DISMISS WITH PROPOSED ORDER. FILED BY JAMES BELLEAU, ESQ.

              Party(s):   RIVER ROAD INDUSTRIAL CONDOMINIUM ASSOCIATION

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-23-82

P & R MANAGEMENT, LLC,

Plaintiff

v.

ORDER ON MOTION TO DISMISS

RIVER ROAD INDUSTRIAL
CONDOMINIUM ASSOCIATION,

Defendant

The matter before the court is defendant River Road Industrial Condominium

Association's ("RRICA") motion to dismiss plaintiff P&R Management, LLC's ("P&R")

Complaint.

Background

The following facts are drawn from the allegations of the Complaint, which are treated as

true for the purposes of a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6).

P&R is the record title holder of a condominium unit, Unit 7, in the River Road Industrial

Condominiums. (Compl. ¶ 2.) The deed to Unit 7 is dated October 24, 2022, and is recorded in

the Androscoggin County Registry of Deeds in Book 11239, Page 9. (*Id.*) The condominium that

Unit 7 is located in contains 9 units total. (Compl. ¶ 7.) The affairs of the RRICA may be

administered by an Executive Board consisting of three natural persons, each of whom must be a

unit owner. (Compl. ¶ 9.)

The actions of the Executive Board are governed by the Declaration of River Road

Industrial Condominium and the Bylaws of River Road Industrial Condominium. (Compl. ¶ 10.)

RRICA is responsible for the administration, maintenance, repair, and management of the

1

Common Elements of the Condominium. (Compl. ¶ 11.) Common expenses of the condominium and RRICA are assessed and allocated to the unit owners by RRICA or the Executive Board. (Compl. ¶ 12.)

By notice dated June 28, 2022, the RRICA announced the annual meeting of unit owners to be held on July 12, 2022. (Compl. ¶ 16.) The topics of discussion at the meeting were to include election of members to the Executive Board and discussion of road improvements. (*Id.*) David M. Gendron owned Units 1, 3, 4, 5, and 6 of the condominium, either individually or by controlling the entity owner. (Compl. ¶ 17.) Unit 9 was owned by Susan Galgovich by virtue of a deed dated June 27, 2022, recorded in the Androscoggin County Registry of Deeds on June 28, 2022 in Book 11143, Page 275. (Compl. ¶ 18.) Unit 8 was owned by Steven Harris by virtue of a deed dated June 27, 2022, recorded in the Androscoggin County Registry of Deeds on June 28, 2022 in Book 11143, Page 278. (Compl. ¶ 19.)

Mr. Gendron voted the interest of all 5 units he owned individually or as a representative of the entity owner at the annual meeting on July 12, 2022. (Compl. ¶ 20.) Mr. Gendron also voted as proxy for Susan Galgovich and Steven Harris. (*Id.*) A representative of the owner of Unit 2 was present but was not permitted to vote. (Compl. ¶ 21.)

The unit owners elected David M. Gendron, Susan Anctil (a/k/a Susan Galgovich) and Steven Harris to the Executive Board. (Compl. ¶ 22.) The unit owners also elected Mr. Gendron as President of the RRICA and Steven Harris as Treasurer and Secretary of the RRICA. (Compl. ¶ 23.) The unit owners also approved a road rehabilitation and maintenance project (the "Project") that would cost $233,178.00 and awarded the contract to Gendron Realty, LLC, the owner of Unit 5 and an entity controlled by Mr. Gendron. (Compl. ¶ 24.) The unit owners also

2

approved an annual budget for the RRICA of $28,000.00, $21,000.00 of which was allocated to plowing and sanding to be provided by Gendron Realty, LLC. (Compl. ¶ 25.)

Steven Harris released title of Unit 8 back to Mr. Gendron by deed dated June 27, 2022, recorded on March 23, 2023, in the Androscoggin County Registry of Deeds, Book 11323, Page 81. (Compl. ¶ 26.) Susan Galgovich released title of Unit 9 back to Mr. Gendron by deed dated June 27, 2022, also recorded on March 23, 2023, in the Androscoggin County Registry of Deeds, Book 11323, Page 84. (Compl. ¶ 27.) Title to Unit 2 was conveyed to GRE, LLC, an entity controlled by Mr. Gendron, by deed dated October 19, 2022, and recorded in the Androscoggin County Registry of Deeds in Book 11234, Page 236. (Compl. ¶ 28.)

The Project has only been undertaken on portions of the road abutting Units 1 through 6, each of which are currently owned by GRE, LLC. (Compl. ¶ 29.) No improvements, rehabilitation, or repairs have been made to the portion of the road that services Unit 7. (Compl. ¶ 30.) No plowing or sanding services have been provided to the portion of the road that services Unit 7. (Compl. ¶ 31.)

RRICA has assessed to P&R an equal one-ninth portion of the costs for both the Project and plowing and sanding services. (Compl. ¶ 32.) RRICA has asserted a lien against P&R for $26,686.42, with interest, fees, and cost of collection. (Compl. ¶ 33.) The lien was filed by Notice of Assessment Lien dated March 23, 2023 and recorded in the Androscoggin County Registry of Deeds in Book 11323, Page 152. (*Id.*)

P&R has filed this action under the Uniform Declaratory Judgments Act, 14 M.R.S. §§ 5951-5963 (2023), seeking a declaration that the assessment is improper. RRICA moved to dismiss P&R's Complaint on May 5, 2023, on the grounds that P&R lacks standing to challenge the assessment because it did not own Unit 7 at the time of the vote.

<u>Standard</u>

When ruling on a motion to dismiss for failure to state a claim pursuant to M.R. Civ. P. 12(b)(6), the court views the "facts alleged in the complaint as if they were admitted." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254 (*per curiam*) (quotation marks omitted). A complaint must set forth the "elements of a cause of action or allege[] facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* Facts are read in the light most favorable to the plaintiff. *Id.* "Dismissal is warranted only when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of the claim." *Halco v. Davey*, 2007 ME 48, ¶ 6, 919 A.2d 626 (quotation marks omitted).

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R. Civ. P. 8(a). "Notice pleading requirements are forgiving; the plaintiff need only give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief." *Desjardins v. Reynolds*, 2017 ME 99, ¶ 17, 162 A.3d 228 (quotation marks omitted). On the other hand, "a party may not proceed[] on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." *Burns v. Architectural Doors and Windows*, 2011 ME 61, ¶ 17, 19 A.3d 823.

<u>Discussion</u>

P&R acquired Unit 7 in the River Road Industrial Condominium on October 24, 2022. The assessment that P&R wishes to challenge was passed on July 12, 2022. The RRICA argues that this means there is no justiciable controversy for the court, because P&R had no interest in the property at the time that the allegedly improper assessment was passed.

4

"Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction in the first place." *Bank of America, N.A. v. Greenleaf,* 2015 ME 127, ¶ 7, 124 A.3d 1122. Unlike its federal counterpart, the Maine Constitution contains no "case or controversy" requirement. *Roop v. City of Belfast,* 2007 ME 32, ¶ 7, 915 A.2d 966. Therefore, standing jurisprudence in Maine is prudential rather than constitutional. *Id.* The basic premise of standing doctrine is to "limit access to the courts to those best suited to assert a particular claim." *Halfway House, Inc. v. City of Portland,* 670 A.2d 1377, 1380 (Me. 1996). Standing doctrine takes a variety of shapes depending on the context; there is no formula for determining standing. *Roop,* 2007 ME 32, ¶ 7, 915 A.2d 966.

It is well established that a party seeking injunctive or declaratory relief must show that "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Madore v. Maine Land Use Regulation Comm'n,* 1998 ME 178, ¶ 13, 715 A.2d 157 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). The Law Court has consistently held that parties may not seek judicial action concerning land use without having an interest in the property at issue. *Id.* ¶ 9. However, the question relevant to standing is whether a party has an interest in the property at the time of the lawsuit, not whether the party had an interest at the time the allegedly wrongful action was taken. *Id.* ¶ 8.

The RRICA's assertion that P&R must have purchased Unit 7 before the assessment was passed is incorrect. No case law in Maine supports imposing a requirement that a property owner have an interest in the property the moment some conduct damages it to have standing to bring a claim. What matters for standing is whether, right now, there is a concrete and particularized injury to plaintiff's property that is actual or imminent and is attributable to some conduct by the

defendant. The RRICA has recorded a lien against P&R's property to collect money for the challenged assessment. This is a concrete and particularized injury sufficient to give P&R standing to bring this lawsuit.

The entry is

Defendant River Road Industrial Condominium
Association's Motion to Dismiss is hereby DENIED.

The Clerk is directed to enter this order into the docket by
reference pursuant to M.R.Civ.P. 79(a).

Date: August ___, 2023

Harold Stewart, II
Justice, Superior Court

6