MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 3
Docket:        Yor-21-84
Argued:        November 4, 2021
Decided:       January 11, 2022

Panel:         STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

KYLE BEROUNSKY

v.

OCEANSIDE RUBBISH, INC.

STANFILL, C.J.

[¶1]  Kyle Berounsky appeals from a judgment entered in the Superior Court (York County, *Douglas, J.*) granting the motion of his former employer, Oceanside Rubbish, Inc. (Oceanside), to dismiss his disability discrimination and failure to accommodate claims as time-barred under the Maine Human Rights Act (MHRA), 5 M.R.S. §§ 4551-4634 (2021).  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts are drawn from Berounsky's complaint, viewed in the light most favorable to him.  *See Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254.  Oceanside employed Berounsky as a trash hauler.  Berounsky is clinically diagnosed with Asperger's syndrome and post-traumatic stress disorder; he informed Oceanside of his disabilities when he applied for

employment. Berounsky sought a promotion to drive a trash truck and submitted medical authorizations stating that his disabilities were not a barrier to this position. Berounsky alleges Oceanside denied him this promotion because of his disabilities.

[¶3] On December 8, 2017, Berounsky attended a meeting with Oceanside's owner and human resources officer. At this meeting, Oceanside informed Berounsky that the women working in the office were afraid of him because of his Asperger's syndrome. Oceanside also told Berounsky that he could not return to work until he received permission from the owner. On or around December 26, 2017, Berounsky called the human resources officer to see when he could return to work and was informed that he needed to talk to the owner. Berounsky tried to contact the owner but never heard from him. Berounsky alleges that, to placate the women in the office, the owner never gave him permission to return to work.

[¶4] On or around January 1, 2018, Berounsky filed for unemployment compensation. Berounsky alleges in his complaint that his last day of employment as a trash hauler was January 7, 2018. During the unemployment compensation hearing, Oceanside told the unemployment hearing officer that Berounsky was "laid off." Berounsky alleges he was laid off because of his

disabilities, and he filed a complaint with the Maine Human Rights Commission (MHRC) on or around February 18, 2018.  The MHRC dismissed the complaint on July 26, 2019.[1]

[¶5]  Berounsky filed and served his four-count complaint on January 7, 2020.  It contained two counts under the Americans with Disabilities Act (Counts 1-2) and two counts under the MHRA (Counts 3-4).  Count 3 alleges discrimination and discharge or constructive discharge, and Count 4 alleges failure to accommodate his disability.  Oceanside removed the case to federal court and moved to dismiss Berounsky's complaint.  The United States District Court for the District of Maine (*Torresen, J.*) entered an order on May 18, 2020, granting Oceanside's motion to dismiss Counts 1 and 2 and remanding Counts 3 and 4 to the Superior Court.

[¶6]  After remand, Oceanside argued the Superior Court should dismiss Counts 3 and 4 because Berounsky failed to timely commence the action under the MHRA.  The court agreed and granted Oceanside's motion to dismiss

---

[1] Although Berounsky refers to the MHRC letter as a "Right to Sue letter," the letter dismisses the MHRC complaint, stating that the MHRC "has not found reasonable grounds to believe that unlawful discrimination has occurred."  We may consider this document, appended to Oceanside's motion to dismiss, because it is referred to in Berounsky's complaint and neither party challenges its authenticity.  *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶¶ 10-11, 843 A.2d 43.

4

Counts 3 and 4 in a judgment entered on February 24, 2021. *See* 5 M.R.S. § 4613(2)(C). Berounsky timely appealed.

## II. DISCUSSION

[¶7] In reviewing a court's decision on a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as if they were admitted. *Nadeau*, 2014 ME 154, ¶ 5, 108 A.3d 1254. We "review the legal sufficiency of the complaint de novo and view the complaint in the light most favorable to [Berounsky] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle [Berounsky] to relief pursuant to some legal theory." *Id.* (quotation marks omitted).

[¶8] A plaintiff must commence an action in the Superior Court under the MHRA "not more than either 2 years after the act of unlawful discrimination complained of or 90 days after any of the occurrences listed under section 4622, subsection 1, paragraphs A to D, whichever is later." 5 M.R.S. § 4613(2)(C). The court found that the MHRC's July 26, 2019, letter dismissing Berounsky's complaint was such an occurrence under section 4622(1) and triggered the running of the ninety-day limitations period, which "expired at the end of October 2019, well before [Berounsky] filed his complaint in this case." On appeal, Berounsky does not argue otherwise. Because Berounsky commenced

this action on January 7, 2020, the issue is whether the action was commenced within "2 years after the act of unlawful discrimination complained of." *Id.*

[¶9] We have explained that the two-year limitation period begins to run when an employee receives "unambiguous and authoritative notice of the discriminatory act." *LePage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 15, 909 A.2d 629 (quotation marks omitted).[2] The discriminatory act needs to "have a degree of permanence, sufficient to put a reasonable claimant on notice of discrimination," and "[m]ere suspicion and rumor are insufficient." *Id.* ¶ 11. Finally, there may be an act of discrimination sufficient to trigger the limitations period "even if the employer represents that it may change its position." *Id*. ¶ 15. The degree of permanence relates to the discriminatory act itself, not to the permanence of the consequences of the discriminatory act.

[¶10] Berounsky's complaint alleges that at the December 8, 2017, meeting he "was told that the women who work in the office were afraid of him because of [his] Asperger's" and that "he could not return to work" until he received permission to do so. Accepting these allegations as true, the meeting

---

[2] While *LePage* was determined on a motion for summary judgment, *LePage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 1, 909 A.2d 629, courts may dismiss claims at the motion to dismiss stage if "it is clear on the face of the complaint that the action is barred by the relevant statute of limitations," *Jackson v. Borkowski*, 627 A.2d 1010, 1013 (Me. 1993).

6

reflects an "unambiguous and authoritative notice of the discriminatory act." *Id.* (quotation marks omitted).

[¶11]   Berounsky nonetheless argues that the court drew inferences favorable to Oceanside and accepted Oceanside's version of the facts as true when it found that Berounsky "suffered an adverse employment action" at the December 8, 2017, meeting.  Berounsky contends on appeal that he did not believe he was discriminated against at the December 8, 2017, meeting; rather, he believed that Oceanside would investigate and that he was temporarily laid off during that investigation.[3]  However, as *LePage* makes clear, the standard is that of a "reasonable claimant," and a reasonable claimant would have understood the message conveyed to Berounsky at the December 8, 2017, meeting to constitute a discriminatory act.  *Id.* ¶ 11.  Assuming Berounsky may not have understood the extent of the consequences of the December 8, 2017, meeting,[4] that does not change the fact that the discriminatory act occurred.

---

[3]  Although Berounsky makes these arguments on appeal, these "facts" are not alleged in the complaint, and we therefore need not consider them.  *See Moody*, 2004 ME 20, ¶ 8, 843 A.2d 43.

[4]  Berounsky also argues that it was improper for the court to use the date on which he filed for unemployment benefits, January 1, 2018, as evidence that he believed he was terminated and thus as evidence that the limitations period was triggered on or before that date.  The court, however, merely stated that Berounsky's "filing for unemployment benefits further evidences his belief that he was no longer employed as of January 1, 2018."  Regardless, because the standard is an objective one, and a reasonable claimant would have understood the message conveyed to Berounsky at the December 8, 2017, meeting to constitute a discriminatory act, whether Berounsky understood he was no longer employed as of January 1, 2018, is not controlling.

Even if Berounsky were only temporarily laid off pending an investigation, that would still reflect an adverse employment action sufficient to trigger the statute of limitations. *See Higgins v. TJX Cos.*, 331 F. Supp. 2d 3, 4, 6-7 & n.2 (D. Me. 2004) (describing an adverse employment action, in the context of an MHRA retaliation claim, as "one that materially changes the conditions of plaintiffs' employ" (alteration and quotation marks omitted)). Indeed, as in *LePage*, had Berounsky brought suit immediately after being told not to return to work on December 8, 2017, Oceanside "would be hard-pressed to claim that [Berounsky] had not suffered adverse action." 2006 ME 130, ¶ 14, 909 A.2d 629.

[¶12] Berounsky also alleges that he was informed a second time, on December 26, 2017, that he needed to speak to the owner to determine when he could return to work; that he never heard from the owner; and that Oceanside told the unemployment hearing officer that Berounsky was "laid off." These allegations do not change the fact that he received unambiguous and authoritative notice of the discriminatory act on December 8, 2017. *See id.* ¶ 15; *see also Kezer v. Cent. Me. Med. Ctr.*, 2012 ME 54, ¶ 22, 40 A.3d 955. Even assuming Oceanside might have changed its mind, the original discriminatory act occurred at the December 8, 2017, meeting and was of sufficient

8

permanence to put Berounsky on notice of the discriminatory act and hence his claim. *See LePage*, 2006 ME 130, ¶ 15, 909 A.2d 629.

[¶13] For these reasons, we affirm the court's determination that Berounsky's disability discrimination claim was not commenced within the two-year statute of limitations under the MHRA.[5]

The entry is:

> Judgment affirmed.

---

Jeffrey Bennett, Esq. (orally), Legal-Ease, LLC P.A., South Portland, for appellant Kyle Berounsky

William J. Wahrer, Esq. (orally), and Ann M. Freeman, Esq., Bernstein Shur, Portland, for appellee Oceanside Rubbish, Inc.

York County Superior Court docket number CV-2020-006
FOR CLERK REFERENCE ONLY

---

[5] With respect to his failure to accommodate claim, Berounsky has waived any argument that the court erred in dismissing this claim because he offers no case law or arguments specific to that claim on appeal. *See Mehlhorn v. Derby*, 2006 ME 110, ¶¶ 9, 11, 905 A.2d 290; Alexander, *Maine Appellate Practice* § 404 at 316 (5th ed. 2018). Regardless, Berounsky does not allege any dates on which either he requested an accommodation or a requested accommodation was denied, nor does he allege any dates associated with his application to drive a trash truck or Oceanside's decision denying him the promotion to trash truck driver. Berounsky merely alleges that he did not return to work after the December 8, 2017, meeting, and his failure to accommodate claim is thus also necessarily time-barred under the MHRA. *See* 5 M.R.S. § 4613(2)(C) (2021).