STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss.                               CIVIL ACTION
                                              Docket No. CV-2023-0208

LIONEL NGAPEY,                        )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        **ORDER ON DEFENDANT**
                                     )        **GRANITE BAY CARE'S**
GRANITE BAY CARE and                 )        **MOTION TO DISMISS**
MAINE EMPLOYER MUTUAL                )
INSURANCE COMPANY,                   )
                                     )
            Defendants.              )

Before the Court is Defendant Granite Bay Care's ("GBC") motion to dismiss Plaintiff

Lionel Ngapey's complaint pursuant to M.R. Civ. P. 12(b)(1), (6). For the following reasons,

GBC's motion is GRANTED.

## FACTUAL BACKGROUND

The following facts are distilled from Plaintiff's complaint and exhibits. *See Moody v.*

*State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43 (noting that while a motion to

dismiss is typically based on review of the complaint alone, a "narrow exception allows a court to

consider official public documents, documents that are central to the plaintiff's claim, and

documents referred to in the complaint, without converting a motion to dismiss into a motion for

summary judgment[,] when the authenticity of such documents is not challenged").

Plaintiff began working for GBC in May 2016, and he was promoted to House Manager in

the summer of 2020. From June 2020 to January 2022, Plaintiff worked 168 uninterrupted hours

per week. During his tenure with GBC, Plaintiff contracted COVID several times. On the first

two occasions, GMC required him to keep working without rest. In January 2022, during his third

bout of COVID, Plaintiff notified his supervisor that he needed treatment for post-traumatic stress

1

REC'D CUMB CLERKS OFC
OCT 10 '23 AM8:35

disorder ("PTSD"), severe anxiety, and insomnia. Plaintiff was later terminated.[1]

On February 27, 2022, Plaintiff filed a Notice of Injury with GBC and requested a leave of absence from March to September 2022 to seek treatment for persistent insomnia, severe PTSD, attention deficit disorder, panic attacks, general anxiety disorder, and mood swings caused by nearly two years of work injuries, neglect, and unrest.[2] In March 2022 and March 2023, Defendant Maine Employers Mutual Insurance Company ("MEMIC") denied Plaintiff's workers' compensation claim arising from an injury on January 29, 2022, termed "malaise and fatigue."[3] On that same date, MEMIC issued Plaintiff a one-time payment of $40,000 to cure its earlier procedural violation of the Workers' Compensation Act (the "Act").

On May 30, 2023, Plaintiff timely filed a complaint alleging that GBC unlawfully (i) terminated his employment without due process; (ii) refused to return his personal bible and savings box; (iii) discontinued his health insurance after termination in violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); (iv) objected to his receipt of unemployment benefits; (v) discriminated against him under the Act; (vi) conspired with MEMIC to commit the Class D crime of failing to secure workers' compensation payments under the Act; and (vii) negligently caused him significant mental impairment through its actions. On July 31, 2023, GBC timely filed the instant motion to dismiss.

---

[1] The timing of Plaintiff's termination is unclear. Plaintiff's allegation that he was terminated in January 2022 is supported by Plaintiff's Exhibit 13, which states that he was jobless between January and March of 2022, and Plaintiff's Exhibit 65, which indicates that he was terminated three weeks prior to February 19, 2022. However, Plaintiff's Exhibit 24 suggests that he filed a Notice of Injury with GBC on February 27, 2022.

[2] Plaintiff's complaint states that his request for a leave of absence was filed February 27, 2021, but the accompanying exhibit signed by Plaintiff clarifies that the request was filed February 27, 2022. (Pl.'s Ex. 25.)

[3] There is no documentation of MEMIC's March 2022 denial of Plaintiff's workers' compensation claim, but the 2023 denial shows that his medical benefits were denied as part of a prior Notice of Claim. (*See* Pl.'s Ex. 22.)

## DISCUSSION

### I. Standard of Review

A court reviewing a M.R. Civ. P. 12(b)(6) motion to dismiss treats the facts alleged in the complaint as admitted. *Berounsky v. Oceanside Rubbish, Inc.*, 2022 ME 3, ¶ 7, 266 A.3d 284 (citation omitted). The complaint itself is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 5, 108 A.3d 1254; *see also Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830 (examining whether any cause of action "may reasonably be inferred from the complaint"); *Howe v. MMG Ins. Co.*, 2014 ME 78, ¶ 9, 95 A.3d 79 (stating that the M.R. Civ. P. 8(a) notice standard requires only that the complaint "give fair notice of the cause of action by providing a short and plain statement of the claim showing that the pleader is entitled to relief"). "Dismissal is warranted when it appears beyond a doubt that plaintiff is not entitled to relief under any set of facts that [they] might prove in support of [their] claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

In contrast, when reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(1), a court neither accepts the allegations in the plaintiff's complaint as true nor draws inferences in the plaintiff's favor, and it may consider materials submitted outside the pleadings to determine whether it has jurisdiction. *See Tomer v. Me. Hum. Rts. Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335; *Davric Me. Corp., v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 6, 751 A.2d 1024.

### II. Analysis

As a threshold matter, GBC's motion to dismiss fails to address Plaintiff's allegations that GBC unlawfully (i) terminated Plaintiff's employment without due process; (ii) refused to return Plaintiff's personal bible and savings box; (iii) discontinued Plaintiff's health insurance after

3

termination in violation of COBRA; and (iv) conspired with MEMIC to commit a Class D crime under the Act. Consequently, these claims survive but the Court otherwise grants GBC's motion.

### a. Discrimination

Plaintiff summarily alleges that GBC unlawfully discriminated against him pursuant to 39-A M.R.S.A. § 353 (2023) of the Act. Although GBC's motion also fails to address this claim, the Court must nonetheless dismiss it for lack of subject matter jurisdiction. *See Monteith v. Monteith*, 2021 ME 40, ¶ 29 n.10, 255 A.3d 1030 ("[S]ubject matter jurisdiction may be raised at any time, including sua sponte by the court.").

"The rights of a party under the Workers' Compensation Act are purely statutory." *Lavoie v. Gervais*, 1998 ME 158, ¶ 11, 713 A.2d 335. Here, the Act expressly provides that employee petitions alleging discrimination by an employer "for testifying or asserting any claim" under the Act must be referred to an administrative law judge for a formal hearing. 39-A M.R.S.A. § 353.

Because the Act offers no mechanism for the Court's review of such allegations, Plaintiff's exclusive remedy, which he has not alleged is exhausted, is the above-described mandatory administrative process. The Court has no authority to adjudicate Plaintiff's claim.[4]

### b. Unemployment Benefits

Plaintiff contends that he was wrongfully denied unemployment benefits because GBC improperly objected to his receipt of such payments. GBC argues, in relevant part, that this claim must be dismissed for Plaintiff's failure to exhaust his administrative remedies. The Court agrees.

The doctrine of exhaustion of administrative remedies requires a party to "proceed in the

---

[4] GBC also argues that the Court lacks subject matter jurisdiction to determine Plaintiff's entitlement to workers' compensation benefits and that, even if the Court had such authority, Plaintiff has failed to show that he exhausted all administrative remedies. The Court reads this claim as more readily alleged against MEMIC but, to the extent that Plaintiff asserts the same against GBC, the Court grants dismissal on jurisdictional grounds. The Act exclusively provides that claims resting on the "basic contention" that the plaintiff was wrongfully denied workers' compensation benefits "must first be addressed by a hearing offer and, if appropriate, reviewed by the board, and finally, appealed to [the Law Court]." *See Lavoie*, 1998 ME 158, ¶ 13, 713 A.2d 335; 39-A M.R.S.A. § 322.

administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts." *Bryant v. Town of Camden*, 2016 ME 27, ¶ 10, 132 A.3d 1183 (quoting *Cushing v. Smith*, 457 A.2d 816, 821 (Me. 1983)).

In the instant case, Plaintiff neglects to allege that he pursued the numerous opportunities to appeal the denial of his unemployment benefits through the Commission's administrative procedures. *See* 26 M.R.S.A. § 1194(2)-(3), (5), (8) (2023). Thus, the claim is not properly before the Court and must be dismissed for Plaintiff's failure to exhaust his administrative remedies.

### c. *Negligence*

Plaintiff generally alleges that GBC's negligence caused him significant mental impairment. GBC argues that this claim should be dismissed as a matter of law because common law tort claims arising out of employment are barred. The Court agrees and grants dismissal.

The Act's immunity and exclusivity provisions provide that "employers are exempt from civil actions for 'personal injuries sustained by an employee arising out of and in the course of employment.'" *Hawkes v. Com. Union Ins. Co.*, 2001 ME 8, ¶ 7, 764 A.2d 258 (quoting 39-A M.R.S.A. § 104 (2023)). Mental injuries, such as claims for intentional or negligent infliction of emotional distress, are personal injuries within the meaning of the Act. *See Cole v. Chandler*, 2000 ME 104, ¶ 13, 752 A.2d 1189; *Li v. C.N. Brown Co.*, 645 A.2d 606, 607, 609 (Me. 1994).

Plaintiff claims that his mental injury was caused by GBC's culture during employment and GBC's actions after his termination. *See Li*, 645 A.2d at 609 n.2 ("An injury arises out of employment when, in some way, it has its origin, its source, or its cause in the employment."). Thus, Plaintiff's claim is barred in this forum because it is within the exclusive purview of the Act.

5

## CONCLUSION

In accordance with the above, Defendant GBC's motion to dismiss is GRANTED. The Court notes that because Defendant GBC did not request relief from all of Plaintiff's claims in the instant motion, the case will proceed on the surviving claims detailed above. The clerk is directed to incorporate this Order into the docket by reference. M.R. Civ. P. 79(a).

Dated:        October 10, 2023

_____
John O'Neil, Jr.
Justice, Maine Superior Court

Entered on the Docket: 10/ 12/ 2023

6